■ JAMES RATHBUN, Respondent, et al., Plaintiff, v LEON WALKER, JR., et al., Appellants.—Per Curiam. Appeal (1) from a judgment of the Supreme Court in favor of plaintiff James Rathbun, entered October 2, 1984 in Washington County, upon a verdict rendered at Trial Term (Ford, J.), and (2) from an order of said court, entered October 2, 1984 in Washington County, which denied defendants' motion to set aside the verdict.

This action arises out of an accident which occurred on December 5, 1981 when plaintiff James Rathbun (hereinafter plaintiff), driving north on Route 4 in the Town of Fort Ann, Washington County, struck the rear of a manure spreader being pulled in the same direction by a tractor operated by defendant John Kilmartin and owned by defendant Leon Walker, Jr. The jury found that plaintiff and Kilmartin were both at fault in causing the accident and apportioned liability at 50% each. The jury determined the value of plaintiff's injuries to be $100,000 and, accordingly, awarded him damages of $50,000.

On appeal, defendants argue that Trial Term should have granted their motions for a directed verdict at the end of plaintiff's case (CPLR 4401) and to set aside the verdict as against the weight of evidence (CPLR 4404), on the ground of the failure of proof of any negligence on their part, and that in any event, reversal is required because of the excessiveness of the verdict on damages.

Regarding the sufficiency of the proof of defendants' negligence, the evidence established that at the time of the accident, Kilmartin was returning from the last of several trips in which he had hauled manure from Walker's farm to a field one-quarter mile south on Route 4, where he spread it. According to one of plaintiff's eyewitnesses, the accident occurred between 4:30 and 5:00 P.M., at dusk. He and other witnesses, including Kilmartin, said that the visibility was very poor because of the hour, overcast sky and precipitation. Plaintiff and several of his witnesses described that both lanes of Route 4 were covered with manure and mud as one approached the point of impact in a northerly direction and that this rendered the road extremely slippery. A witness who was following behind plaintiff and saw the accident said that there were no lights on the tractor or the spreader. According to plaintiff, he was traveling at a speed of about 45 miles per

hour with his lights on, first saw the spreader from a distance of 60 feet and did not see any lights or reflector on either the spreader or the tractor. He applied his brakes but was unable to stop in time because of the slippery condition of the road. The foregoing evidence, if believed, was sufficient to support the jury's finding of negligence on defendants' part, arising out of the failure to employ lights or have proper reflectors on the tractor/spreader and in increasing the hazards of driving by leaving the deposits of manure and dirt on the highway. On defendants' motion for a directed verdict, plaintiff was entitled to have the evidence viewed in the light most favorable to him and to the benefit of all inferences which could reasonably be drawn from such evidence (*Santiago v Steinway Trucking,* 97 AD2d 753, 753-754). Likewise, regarding defendants' motion to set aside the verdict as against the weight of the evidence, it cannot be said that there was no basis upon which the jury could have found defendants partly at fault upon any fair interpretation of the evidence (*Tripoli v Tripoli,* 83 AD2d 764, *affd* 56 NY2d 684). While defendants adduced evidence that the flashing lights on the tractor had been activated and the spreader had reflectors, this merely presented an issue of credibility for the jury to resolve (*id.*).

As a result of the accident, plaintiff sustained a fracture to his upper left jaw, the loss of five teeth, a laceration of the lower lip and a deviated septum. Plaintiff later developed an oral fistula and a nasal airway obstruction due to scarring within the sinus cavity. These subsequently developed conditions and the deviated septum required two subsequent hospitalizations of short duration for surgical repair and correction. Plaintiff was not cleared of restrictions on his work activities until six months after the accident, and the loss of his teeth is, of course, of permanent injury.

Considering the type, kind and extent of the facial injuries sustained and the severe pain, suffering and disability that attended them, we find no reason to disturb the jury's verdict of $100,000 as reduced by 50%, the degree of plaintiff's contributory fault. Accordingly, in our opinion, the judgment and order appealed from should in all respects be affirmed.

Judgment and order affirmed, with costs. Mahoney, P. J., Kane, Casey and Weiss, JJ. concur.

Levine, J., concurs in part and dissents in part in the following memorandum. Levine, J. (concurring in part and dissenting in part). I am unable to agree with the majority concerning the validity of the jury's findings on damages. Unquestionably, plaintiff James Rathbun (hereinafter plain-

tiff) incurred painful and debilitating facial and head injuries as a result of the accident, including a fractured jaw, the loss of five teeth, a laceration of the lower lip and a deviated septum. He later developed an oral fistula and a nasal airway obstruction due to scarring within the sinus cavity. These were surgically repaired (along with the deviated septum) on two subsequent brief hospitalizations. Within six months of the accident, however, his physician removed any restrictions on his work activities and, apart from the loss of the five teeth, plaintiff had no permanent injuries and the jury was so charged. In the absence of proof of any significant impairment of plaintiff's earning capacity or of permanent disability, I am of the view that a finding of total damages of $100,000 was clearly excessive (see, Senko v Fonda, 53 AD2d 638, 640; cf. Turner v Miller, 61 AD2d 856, 857). Accordingly, I would reverse so much of the judgment as awarded plaintiff $50,000 damages and order a new trial on damages only unless plaintiff stipulates to reduce the amount of the verdict in his favor to $25,000.