■ Diane Pratt, Appellant, v Raymond Sevenski et al., Respondents.—Order unanimously reversed, on the law and facts, with costs, motion denied and verdict reinstated. Memorandum: On January 22, 1982, plaintiff suffered a fractured nose and numerous bumps and bruises in an automobile accident. After three weeks, the pain, discomfort, and discoloration from the bumps and bruises subsided. Plaintiff experienced repeated nosebleeds between the date of the accident and February 10, when she was next examined by her otolaryngologist. The doctor's examination revealed that a bump was developing near the top of her nose and at a subsequent examination over a month later plaintiff's doctor observed a stepoff, or irregularity, of the nasal bones on the left side. The bone irregularity and bump continued to exist at the time of trial, and plaintiff's physician opined that she suffered a fractured nose as a result of the accident. Defendants' expert also indicated that the plaintiff had a widened nose and prominent hump toward the top of the nose. Plaintiff's physician testified that these conditions could be corrected by a rhinoplasty procedure that would require a two-day hospitalization and 10-day recuperation. The estimated cost of this procedure is $2,500.

The jury returned a verdict of $20,000. Upon defendants' motion, the court found the verdict to be excessive and di-

rected that it be set aside unless the plaintiff agreed to accept $7,500. In its decision, the court concluded that the jury was influenced beyond the weight of the testimony by plaintiff's extremely tearful demeanor while testifying; that the verdict was in excess of the plaintiff's demand figure for settlement purposes and the figure the court considered appropriate during pretrial proceedings; and that the court's own comparison of plaintiff's in-court and preaccident appearances indicated to him that there was no significant difference and that the plaintiff was still an attractive young lady.

A court should set aside a jury's assessment of damages " 'only if the verdict is so disproportionate to the injury as to not be within reasonable bounds' *(Riddle v Memorial Hosp.,* 43 AD2d 750, 751; see, also, *McAllister v Adam Packing Corp.,* 66 AD2d 975, 976). A jury's assessment of damages should not be disturbed unless it is so excessive or inadequate that it shocks the conscience of the court *(Petosa v City of New York,* 63 AD2d 1016, 1017; *Welty v Brown,* 57 AD2d 1000, 1001 *[appeal dismissed* 42 NY2d 995]). Each case must be assessed on its own peculiar facts and circumstances." *(Juiditta v Bethlehem Steel Corp.,* 75 AD2d 126, 138; see also, *Franchell v Sims,* 73 AD2d 1, 6.)

In this instance, the court improperly considered the settlement demand and its own pretrial damage figure as indicative that the verdict was excessive. These figures were established before the ultimate determination of liability was made and cannot be compared to the jury's assessment of damages.

The court also erred in making its own comparison of the plaintiff's appearance. The jury had ample opportunity to view the plaintiff's courtroom appearance and preaccident photographs. Both medical experts testified to the widening condition and prominent bump on plaintiff's nose. The jury could have credited the testimony of plaintiff's expert that the condition of plaintiff's nose substantially affected her appearance. It is clear that the court disagreed with the jury's evaluation of the nature and extent of the plaintiff's injuries. This was an unwarranted usurpation of the jury's function *(Monahan v Weichert,* 93 AD2d 984). (Appeal from order of Supreme Court, Orleans County, Miles, J.—set aside verdict.) Present—Dillon, P. J., Callahan, Denman, Pine and Balio, JJ.