■ KATHY A. MURPHY, Appellant, v WILLIAM A. LEWRY, Respondent. [653 NYS2d 417] —Carpinello, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered December 18, 1995 in Warren County, upon a verdict rendered in favor of plaintiff.

Plaintiff brought this action to recover for personal injuries she suffered when her automobile was broadsided by defendant's automobile in the middle of an intersection. Following

trial, a jury found defendant entirely responsible for the accident and awarded plaintiff $2,000 for past pain and suffering and $1,000 for future pain and suffering. On appeal, plaintiff asserts that the verdict is grossly inadequate and should be increased by this Court. As a preparatory matter, we find that the oral request for additur of damages made by plaintiff's counsel following the jury's verdict sufficiently preserves this issue for our review (*see, Powell v New York City Tr. Auth.*, 186 AD2d 728, 729).

Turning to the merits, we note that the amount awarded as damages for personal injuries is a question of fact for the jury and considerable deference must be given to its interpretation of the evidence on this issue (*see, Raucci v City School Dist.*, 203 AD2d 714, 716; *Levine v East Ramapo Cent. School Dist.*, 192 AD2d 1025). This factual matter is left to a jury's common sense and judgment in light of its common knowledge and experience (*see, Figliomeni v Board of Educ.*, 38 NY2d 178, 183) and with due regard to the evidence presented at trial, including the demeanor and testimony of all witnesses (*see, Raucci v City School Dist., supra*).[1] In order for this Court to exercise its discretion and disturb the jury's award in this case, the amount awarded must be found to "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]). With these precepts in mind, we decline to disturb the jury's evaluation of the damages in this case.

The trial evidence established that as a result of the accident plaintiff's primary injuries were a nasal fracture, including deformity of her nose and a deviated septum, and dental injuries (one tooth was extracted the day after the accident and three were extracted one month later).[2] While it was sufficiently proven that both the nasal fracture and loss of teeth were caused by the accident and each produced pain, the evidence, particularly plaintiff's own testimony, was quite unremarkable with respect to the extent of pain and suffering actually experienced as a result of these injuries. Neither doctor called by plaintiff as a witness (her treating physician who performed an open reduction and repair work on her nose and her treating dentist who extracted her teeth) elaborated on the extent to which plaintiff was in pain. Indeed, no evidence was

1. Indeed, plaintiff's counsel indicated to the jury in his summation that "it's your province and your province alone collectively to decide what you think a particular injury is worth".

2. Although he was unable to give an approximate timetable, plaintiff's treating dentist testified that she would likely have lost these teeth anyway due to her poor oral hygiene, receding gums and bone loss.

presented that plaintiff, as of the trial, experienced any pain as a result of *these* injuries.

The principal postaccident complaints testified to by plaintiff were headaches and sinusitis. Neither of these subsequent ailments, however, was proven to be caused by the injuries she sustained in the automobile accident (*cf., Rathbun v Walker,* 114 AD2d 716, 717). Accordingly, she is not entitled to have these conditions considered in the assessment of the verdict. To the extent that plaintiff complained that the temporary partial plate fitted for her mouth (which she rarely wore because she claimed it was uncomfortable) caused headaches, changed her personality and restricted her diet, the jury heard that she never told her dentist about any problems with the plate and in fact discontinued her dental treatment.

With respect to future pain and suffering, plaintiff's treating physician merely testified that plaintiff's injuries have "some permanency" in that plaintiff has a deformity in her nose and a nasal septum "can" slip (*compare, Ashton v Bobruitsky,* 214 AD2d 630, 631; *Van Derzee v Knight-Ridder Broadcasting,* 185 AD2d 1011, 1012-1013; *Pratt v Sevenski,* 120 AD2d 953). The jury obviously had ample opportunity to view plaintiff's courtroom appearance and assess her nose deformity. Notably, no evidence was presented that the condition of plaintiff's nose or mouth substantially affected her appearance (*cf., Pratt v Sevenski, supra*) or that plaintiff is and will continue to be in pain as a result of these injuries.

In light of these facts, we find that a fair interpretation of the evidence supports the jury's modest damage award. We also find that its award does not materially deviate from what would be reasonable compensation (*see,* CPLR 5501 [c]). As a final matter, while plaintiff correctly asserts that review of other appellate determinations can aid in assessing whether an award deviates from what has otherwise been deemed reasonable, we find the cases relied upon by plaintiff to be factually distinguishable. Accordingly, Supreme Court properly denied plaintiff's oral motion for additur.

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.

