■ JUANITA I. PRESCOTT, Respondent, v WILLIAM J. LE-BLANC et al., Appellants. [669 NYS2d 432] —White, J. Appeal from an order of the Supreme Court (Lynch, J.), entered December 13, 1996 in Schenectady County, which granted plaintiff's motion to set aside the verdict and granted a new trial on all disputed issues.

At the close of the evidence in the trial of this automobile negligence case, Supreme Court found that, as a matter of law, plaintiff had sustained a "serious injury" within the meaning of Insurance Law § 5102 (d) and submitted the issues of negligence and proximate cause to the jury. The jury found defendants negligent, but found that their negligence was not the proximate cause of plaintiff's injuries. We must now determine if Supreme Court abused its discretion in setting aside the verdict as against the weight of the evidence.

A verdict may be nullified on such ground when " ' "the evidence so preponderate[d] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744,

746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *appeal dismissed* 56 NY2d 738, *affd* 62 NY2d 875). Plaintiff's proof showed that she sustained a sprain-strain injury to her cervical and lumbar spines in this accident which, despite chiropractic treatments, did not resolve itself. Two years after the accident, plaintiff was found to have a left L5-S1 disc herniation that required her to undergo a discectomy. Plaintiff's treating chiropractor and neurosurgeon opined that the subject accident was the proximate cause of the disc herniation. Notably, the physician who conducted an independent medical examination of plaintiff rendered a report, introduced by plaintiff, voicing the same opinion. On cross-examination, defendants established that plaintiff had a preexisting degenerative disc condition along her entire spine. They also impeached her credibility with evidence that at her pretrial deposition she failed to relate that she had sustained two prior injuries to her back and had failed to convey such information to her treating physicians. Plaintiff's chiropractor testified that he did not consider the omitted information relevant to his diagnosis since, in his view, the fact that plaintiff was not being treated for these prior injuries at the time of this accident indicated that they had resolved themselves. Plaintiff's neurosurgeon maintained that, whatever the condition of plaintiff's spine before the accident, the trauma of the subject accident was the proximate cause of the current disc herniation.

Defendants contend that Supreme Court should not have disturbed the jury's verdict since it was free to disregard the opinions of plaintiff's experts. As a broad generalization, defendants' contention is correct; however, a jury's determination not to accept expert testimony and opinion must be supported by other testimony or by the cross-examination of the expert (*see,* 3 Bender's New York Evidence § 7.01 [8], at 7-48). Thus, where an expert equivocates on cross-examination or his findings are not supported by a fair interpretation of the evidence, the jury could properly disregard the expert's opinion (*see, Galimberti v Carrier Indus.,* 222 AD2d 649; *Herring v Hayes,* 135 AD2d 684).

However, in this case there was no basis for the jury to disregard the experts' opinions since they were uncontroverted and remained steadfast in the face of defendants' cross-examination. Therefore, we find that the jury could not have reached its verdict on any fair interpretation of the evidence and accordingly conclude that Supreme Court did not abuse its discretion in setting the verdict aside (*see, Scott v Yurkewecz,* 234 AD2d 673).

Lastly, we have not considered plaintiff's argument that Supreme Court should have directed a verdict in her favor on the issue of proximate cause as she did not file a notice of appeal from that aspect of Supreme Court's order denying such relief (*see, Sioris v 25 W. 43rd St. Co.*, 223 AD2d 475).

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, with costs.