■ MATTHEW CLARKE, Appellant, v ABRAHAM B. SELOVER, Respondent. [689 NYS2d 300] —Cardona, P. J. Appeal from an order and judgment of the Supreme Court (Halloran, J.), entered June 4, 1998 in Albany County, upon a verdict rendered in favor of plaintiff.

On May 31, 1995, plaintiff was involved in a motor vehicle accident while operating a motorcycle on US Route 20 in the Town of Guilderland, Albany County. He was struck by a pickup truck driven by defendant. Plaintiff was taken to the emergency room and released later that day. In June 1996, he commenced this negligence action against defendant seeking damages in the amount of $500,000. Following a trial, a jury found defendant negligent and awarded plaintiff damages totaling $1,757, with $540 being for pain and suffering between the date of the accident and the date of the trial.* Supreme Court entered an order and judgment consistent with the verdict and plaintiff appeals.

Initially, we find no merit to plaintiff's claim that Supreme Court improperly restricted his attorney during summation on hospital records and X-ray reports admitted in evidence at the trial. A review of the trial transcript discloses that the court did not preclude plaintiff's attorney from referring to the hospital records, but rather instructed him not to characterize plaintiff's injury as a "separated shoulder". Since this is a medical term of art and no expert medical testimony was adduced defining it, we cannot say that the court abused its discretion in imposing this limitation.

We reach a different conclusion, however, with respect to plaintiff's contention that the jury's award of $540 for pain and suffering should be set aside because it does not reflect reasonable compensation for injuries he sustained. We note that the amount of damages to be awarded for personal injuries is a factual issue for the jury to determine and considerable deference must be given to its findings in this regard (see, Murphy v Lewry, 235 AD2d 968, 969; Raucci v City School Dist., 203 AD2d 714, 716). The jury's award will not be disturbed unless it "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; see, Murphy v Lewry, supra, at 969).

At trial, plaintiff testified that he was wearing a helmet at the time of the accident and skidded across the eastbound lane after being struck by defendant. He stated that he sustained a separated shoulder and "road rash" on his hands, arms and right leg. He was taken to the hospital where the abrasions were cleaned and X-rays were taken. While he did not have any broken bones, he was released later that day with his arm in a sling. Plaintiff testified that he experienced significant pain when he got home which immobilized him for three days

---

* Plaintiff did not make a claim for future pain and suffering.

and required him to take pain killers. Although he was cleared to return to work two weeks after the accident, he stated that he could not participate in sports activities or drive a car for the entire summer. He wore the sling for six months after the accident. Under the particular circumstances presented, we are of the view that the jury's award for pain and suffering constitutes a material deviation from reasonable compensation and should be increased to $3,500. Therefore, we shall exercise our discretion to order a new trial on the issue of damages unless defendant stipulates to increase the verdict accordingly.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order and judgment is reversed, on the law and the facts, and a new trial ordered on the issue of damages only, unless defendant shall, within 20 days after service of a copy of the order to be entered upon this decision, stipulate to increase that portion of the verdict for pain and suffering to the principal sum of $3,500, in which event the order and judgment, as so increased, is affirmed, with costs to plaintiff.