■ MICHAEL A. KLEIN, Appellant, v FRED LEONARDI, Respondent. [699 NYS2d 578] —Carpinello, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered November 19, 1998 in Albany County, which denied plaintiff's motion to set aside the verdict on the issue of damages.

In the early morning hours of April 13, 1997, plaintiff and

defendant had an altercation outside a local restaurant. Although much of the details of the incident are in dispute, the parties agree that plaintiff was in the midst of pulling his vehicle out of his parking space when defendant exited the restaurant and the two had words. According to plaintiff and his female companion, defendant proceeded to punch and kick the car, punch plaintiff through the open window and grab plaintiff's left arm and pull it as plaintiff was driving away. Defendant denies striking plaintiff or the car and claims that plaintiff grabbed him by the shirt and dragged him alongside the car as he was driving away. As a result of the altercation, plaintiff was treated and released from the emergency room that morning for a ruptured biceps tendon. This diagnosis was confirmed three days later by an orthopedic surgeon, who reattached plaintiff's tendon during an April 25, 1997 elective surgery.

Plaintiff commenced this action against defendant seeking to recover for his injury. Following a trial, the jury found both parties negligent and apportioned liability between plaintiff and defendant at 40% and 60%, respectively. The jury awarded plaintiff $7,854.96 for past medical expenses, $3,250 for past pain and suffering and $3,142 for future pain and suffering before apportionment. Plaintiff moved to set aside the damage award as inadequate and appeals from an order of Supreme Court denying same.

Only where an award of damages deviates materially from what would be reasonable compensation will this Court exercise its discretion and disturb it (see, CPLR 5501 [c]). To this end, we reiterate the well-settled principle that the amount to be awarded as damages for a personal injury is a factual question for resolution by the jury with considerable deference given to its interpretation of the evidence (see, e.g., Preston v Young, 239 AD2d 729; Murphy v Lewry, 235 AD2d 968; Raucci v City School Dist., 203 AD2d 714, 716). While the award in this case is modest, we find no basis upon which to set aside the jury's evaluation of the evidence.

While the injury to plaintiff's biceps tendon resulted in surgery, which, in turn, left plaintiff with a six-inch scar on his left arm, the jury heard testimony that the surgery was optional and that plaintiff enjoyed a relatively quick postoperative recovery. Within six weeks of surgery, plaintiff discontinued a prescribed splint and had full range of motion in his elbow. On July 28, 1997, physical therapy was completely discontinued for plaintiff—who was able to lift 25 pounds repetitively with his left arm without pain or discomfort—

because all goals for treatment had been achieved. In October 1997, he was released from the orthopedic surgeon's care with instructions to return on an "as needed" basis only. Although plaintiff returned to this physician one month before trial, his complaints at this time were found to be unrelated to the injury to his biceps tendon.

In addition to hearing about plaintiff's speedy and successful recovery from surgery, the jury learned that plaintiff lost no income as a result of his injury, reported no significant residual pain (he testified, without elaboration, that he has pain "at times") and has a full range of motion in his left arm with no limitations in stretching or reaching. With respect to restrictions on his daily life as a result of the injury, plaintiff claimed that he is now relegated to using plastic, rather than paper, bags at the grocery store, that he has problems performing lawn work, that he can no longer lift his 100-pound pot belly pig and that it is difficult for him to vacuum and move furniture. Yet, the jury also heard that plaintiff, a weight lifter, continues to weight train three days per week and performs cardiovascular training, including the use of a Stairmaster, four or five days per week. In light of these facts, we find that a fair interpretation of the evidence supports the jury's modest damage award which does not materially deviate from what would be reasonable compensation (*see*, CPLR 5501 [c]; *see also*, *Murphy v Lewry*, *supra*).

Finally, while a review of other appellate determinations can aid this Court in its assessment of whether an award deviates from what has otherwise been deemed reasonable compensation, the cases relied upon by plaintiff (*see*, *e.g.*, *Crawford v Marcello*, 247 AD2d 907; *Dunn v Moss*, 193 AD2d 983) are markedly different from the subject case and do not warrant an additur of damages.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.