THERESA BAKER et al., Respondents-Appellants, v KEVIN H. SHEPARD, Appellant-Respondent and Third-Party Plaintiff-Appellant. TAMMY R. TALBOT, Third-Party Defendant-Respondent. [715 NYS2d 83] —Rose, J. (1) Cross appeals from an order of the Supreme Court (Sise, J.), entered August 9, 1999 in Montgomery County, which partially granted plaintiffs' motion to set aside the verdict and ordered a new trial on the issue of future pain and suffering, and (2) appeal from a judgment of said court, entered August 17, 1999 in Montgomery County, directing a verdict in favor of third-party defendant on the issue of liability at the close of evidence.

This action arises out of a motor vehicle accident that occurred when plaintiff Theresa Baker (hereinafter plaintiff) was a passenger in a car driven by her sister, third-party defendant, westbound on State Route 5 in the Town of Mohawk, Montgomery County. Defendant's eastbound truck fishtailed

on ice, crossed into the westbound lane and struck third-party defendant's car. Plaintiff and her husband, derivatively, commenced this action for personal injuries against defendant, who in turn commenced a third-party action against third-party defendant.

At the close of evidence in a jury trial, Supreme Court granted plaintiffs' and third-party defendant's motions for a directed verdict on the issue of liability concluding, as a matter of law, that defendant was negligent and his negligence was the sole proximate cause of the accident, and that third-party defendant was not negligent. Determining solely the issue of damages, the jury returned a verdict awarding plaintiff $7,500 for past pain and suffering, and made no award to plaintiff for future pain and suffering or to her husband for loss of services. Plaintiffs thereafter moved to set aside the jury's verdict on damages as against the weight of the evidence. Supreme Court ordered a new trial on the issue of plaintiff's future pain and suffering and otherwise denied the motion. Defendant and plaintiff cross appeal from this order. A judgment was subsequently entered in favor of third-party defendant from which defendant also now appeals.

Initially, to the extent that defendant contends that Supreme Court should not have directed a verdict in plaintiffs' favor on the issue of his liability, we note that the record does not include a judgment rendered in favor of plaintiffs. Although the appeal from a final judgment brings up for review all prior rulings that necessarily affect that judgment (see, CPLR 5501 [a] [1]; *Fehlhaber Corp. v State of New York*, 63 AD2d 1038, 1038-1039; see also, *Matter of Cerami v City of Rochester School Dist.*, 82 NY2d 809, 811, n), Supreme Court's ruling on defendant's liability here bears no such relationship to the judgment entered in the third-party action. Nor will a nonfinal order be reviewed on the appeal from a subsequent nonfinal order in the same action (see, *Town of Coeymans v Malphrus*, 252 AD2d 874, 875; *Jones v 30 Sutton Place Corp.*, 12 AD2d 455, 456, *affd* 10 NY2d 771; cf., *Doe v Community Health Plan—Kaiser Corp.*, 268 AD2d 183, 185-186). Since the sole order appealed from here granted a new trial on the issue of damages, it is a nonfinal order (see, e.g., *Matter of New York City Asbestos Litig.*, 82 NY2d 682) and does not bring up for review the prior ruling regarding defendant's liability. Consequently, we have no authority to review Supreme Court's ruling directing a verdict in plaintiffs' favor at this time.

We review the third-party defendant's judgment by starting with the precept that a verdict directed against defendant at

the close of proof was proper only if "viewing the evidence most favorably to [defendant], accepting all of [his] evidence as true and resolving all credibility issues and inferences in [his] favor—the jury could not find for [defendant] by any rational process and [third-party defendant] was entitled to judgment as a matter of law" (*Amo v Little Rapids Corp.*, 268 AD2d 712, 715, *amended* 275 AD2d 565; *see*, CPLR 4401).

Here, defendant failed to introduce any evidence that third-party defendant could have avoided the accident by moving her vehicle out of the path of his truck or that she was traveling at an unreasonable rate of speed (*see*, *Wilke v Price*, 221 AD2d 846, 847; *Forbes v Plume*, 202 AD2d 821, 822; *McGraw v Ranieri*, 202 AD2d 725, 727-728). Third-party defendant testified at trial that, at the time of the accident, traffic had slowed considerably and she was proceeding at approximately 30 to 35 miles per hour. She further testified, "I just happened to glance over and saw his truck coming, and I mentioned to [plaintiff] that I could see him fishtailing, and as soon as I said that, there was no time, he was across the road and after that I don't remember." Plaintiff also testified that she saw defendant's vehicle swerve and that she remembers nothing further until after the impact occurred. "[S]uch a brief period of time is generally insufficient to raise a question of fact regarding a party's failure to take evasive action" (*Le Claire v Pratt*, 270 AD2d 612, 613). Consequently, Supreme Court properly granted third-party defendant's motion for a directed verdict on the issue of liability.

Next, we reject defendant's contention that Supreme Court improperly set aside the jury's verdict regarding future pain and suffering. It is well settled that a jury verdict should be set aside as against the weight of the evidence where the evidence so preponderates in favor of the other side that the verdict " 'could not have been reached on any fair interpretation of the evidence' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875; *see*, *Keleher v Fox Ford of Victor*, 267 AD2d 646). The testimony of Gerald Ortiz, plaintiff's orthopedic surgeon, was the only expert medical evidence presented at trial in this case. As such, the jury necessarily had to consider Ortiz's testimony. Any decision by the jury to disregard his opinion "must [have been] supported by other testimony or by the cross-examination of [Ortiz]" (*Prescott v LeBlanc*, 247 AD2d 802, 803). If he equivocated on cross-examination or his findings were not supported by a fair interpretation of the evidence, the jury could properly disregard his opinion (*id.*, at 803).

Here, Ortiz testified that as a result of the accident, plaintiff sustained a left humerus fracture that was slow to heal, cervical strain of the neck, impingement syndrome of the shoulder causing pain and a deformity that prevented her from fully extending her arm. Ortiz opined that plaintiff's deformity and impingement syndrome are permanent, an opinion that was not challenged on cross-examination or by other testimony. Although his August 5, 1998 office note states that plaintiff had full range of motion of her left elbow and shoulder, he explained that this note was inaccurate because his examination of plaintiff at the time revealed less than full flexion, rotation and abduction of her left arm. Since Ortiz's opinion remained unshaken on cross-examination, plaintiff's deformity was readily observable, and the medical proof of the permanent nature of her injury and continuing pain was uncontroverted, Supreme Court properly concluded that "the jury's verdict for future pain and suffering deviate[d] materially from what would be considered reasonable compensation under these circumstances" (see, *Nautel v Crates*, 173 AD2d 936, 937; cf., *Duncan v Hillebrandt*, 239 AD2d 811, 814).

Turning next to plaintiff's appeal, we conclude that the jury's award of $7,500 for past pain and suffering did not deviate materially from what would be reasonable compensation (see, CPLR 5501 [c]; *Klein v Leonardi*, 267 AD2d 644, 645). An examination of comparable cases reveals that there is no basis to set aside the jury's evaluation of the evidence regarding past pain and suffering (see, *Kahl v MHZ Operating Corp.*, 270 AD2d 623, 624; *Klein v Leonardi, supra*, at 645-646; *Duncan v Hillebrandt, supra*, at 814).

Finally, since Supreme Court instructed the jury that plaintiff was entitled to an amount that would justly and fairly compensate her for her injuries and advised that counsels' summations could be accepted or rejected based on the jury's view of the evidence, it was not improper for defense counsel to suggest a monetary amount he felt would adequately compensate plaintiff for her injuries (see, *Tate v Colabello*, 58 NY2d 84, 87; *Acunto v Conklin*, 260 AD2d 787, 790).

We have reviewed the parties' remaining arguments and find them to be unavailing.

Mercure, J. P., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order and judgment are affirmed, without costs.