CHERYL M. SPERDUTI et al., Respondents, v PAUL G. MEZGER, Appellant. [724 NYS2d 250] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant appeals from an order granting plaintiffs' motion for a mistrial based on two alleged instances of misconduct on the part of defendant's attorney. Supreme Court further determined that the verdict with respect to the award of damages to Cheryl M. Sperduti (plaintiff) was against the weight of the evidence but noted that plaintiffs' motion to set aside the verdict on that ground was moot in view of the court's determination to grant plaintiffs' motion for a mistrial. The court's determination of plaintiffs' motions was issued six months following the jury verdict.

Plaintiff injured her right shoulder in a motor vehicle accident on September 8, 1997. She returned to work as a data entry clerk on September 8, 1998 without informing her employer that she had been restricted by her doctor from lifting more than five pounds. On November 10, 1998, she reinjured the shoulder while lifting heavy files and was out of work until September 1999. At trial, defendant admitted liability and contested damages. The jury returned a verdict awarding plaintiff $6,000 for past lost earnings, $10,000 for past pain and suffering and nothing for future pain and suffering.

The first alleged instance of misconduct occurred when defendant's attorney stated during his opening statement that plaintiff was seeking a "double recovery" for the "work-related accident" in addition to the "motor vehicle accident." The other alleged instance occurred during the cross-examination of plaintiff's work supervisor, when defendant's attorney asked whether plaintiff was "on leave with pay" until March 25, 1998. The court, determining that the past lost earnings award was against the weight of the evidence, further determined that "continued attempts [of defendant's attorney] to introduce the issue of collateral sources and to suggest Plaintiff was seeking a double recovery prejudiced Plaintiff to the extent she was unable to receive a fair trial."

Defendant's contention that the court erred as a matter of law in waiting until after the jury verdict to rule on plaintiffs' mistrial motion is not preserved for our review. Pursuant to CPLR 4402, "At any time during the trial, the court * * * may order * * * a new trial in the interest of justice on such terms as may be just." Defendant, however, did not object when the court initially reserved decision on plaintiffs' motion and when the court further reserved decision after the verdict. In any event, plaintiffs renewed their motion when they moved to set aside the verdict pursuant to CPLR 4404 (a), and the court had discretion under that section to order a new trial in the interest of justice (*see generally*, 8B Carmody-Wait 2d, NY Prac § 62:17).

Defendant also contends that the mistrial motion was not timely. We disagree. Plaintiffs brought their motion after the second alleged instance of misconduct. Because they contended that the cumulative effect of the two alleged errors denied them a fair trial, the motion could not have been brought earlier.

Nevertheless, we agree with defendant that the court abused its discretion in granting the motion for a mistrial. Except for the use of the term "double recovery," the opening statement of defendant's attorney was not improper. It was legitimate argument to ask the jury to differentiate between the "work-related accident" and the "motor vehicle accident." The court immediately sustained plaintiffs' objection to the use of the term "double recovery" and later instructed the jury that the "arguments, remarks, and summation of the opposing attorneys are not evidence." Although the question asked on cross-examination of plaintiff's work supervisor was clearly improper, the court sustained plaintiffs' objection before the question was answered and later gave curative instructions sufficient to alleviate any prejudice.

In view of our determination that the court erred in granting plaintiffs' motion for a mistrial, plaintiffs' motion to set aside the verdict is no longer moot. We conclude that the court properly determined that the jury's failure to award plaintiff any damages for future pain and suffering is against the weight of the evidence. The testimony of plaintiffs' experts that plaintiff sustained a permanent shoulder injury, which causes pain and restricts the range of motion of her right arm, was not controverted by defendant (*see, Baker v Shepard,* 276 AD2d 873, 875-876; *Albrecht v Bedard,* 255 AD2d 918; *Sescila v Garine,* 225 AD2d 684, 685). We otherwise conclude, however, that the remainder of the verdict is not against the weight of

the evidence. A verdict is not "against the weight of evidence unless it is palpably wrong and there is no fair interpretation of the evidence to support the jury's conclusion * * * or if the verdict is one reasonable persons could have rendered after receiving conflicting evidence" (*Petrovski v Fornes*, 125 AD2d 972, 973, *lv denied* 69 NY2d 608; *see, McLean v Dessert*, 267 AD2d 962, 963). In awarding plaintiff only $6,000 for past lost earnings, the jury apparently found that plaintiffs failed to prove by a preponderance of the evidence that plaintiff was disabled from work after December 1997. Such a finding is consistent with the proof that plaintiff was cleared to work in December 1997 and the absence of any proof offered by plaintiffs to explain why plaintiff did not return to work at that time. Any restrictions placed by doctors on plaintiff's ability to work were based upon plaintiff's subjective complaints of pain. The jury apparently found that plaintiff was able to work despite the pain, but chose not to. Nor does the award of $10,000 for past pain and suffering deviate materially from what would be reasonable compensation (*see, Baker v Shepard, supra,* at 875; *Molter v Gaffney*, 273 AD2d 773).

Defendant's further contentions concerning the jury charge are not properly before us on this appeal. Thus, we modify the order by denying plaintiffs' motion for a mistrial and by granting plaintiffs' motion to set aside the verdict only with respect to the failure to award plaintiff any damages for future pain and suffering and by providing that a new trial is granted on those damages only. (Appeal from Order of Supreme Court, Erie County, O'Donnell, J.—Set Aside Verdict.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Burns, JJ.