■ CHRISTINE CALDERON, Respondent, v KRUSHRU R. IRANI, Appellant, et al., Defendants. [745 NYS2d 610] —Mercure, J. Appeal from an order of the Supreme Court (Caruso, J.), entered September 24, 2001 in Schenectady County, which granted plaintiff's motion to set aside a verdict in favor of defendant Krushru R. Irani and granted a new trial.

In May 1997, plaintiff underwent a radical hysterectomy. Laboratory analysis determined that she was suffering from stage IV cervical cancer, which had metastasized into her lymphatic system and peritoneum. Plaintiff subsequently brought this medical malpractice action against, as now relevant, defendant Krushru R. Irani (hereinafter defendant), the gynecologist who treated plaintiff from April through December 1996, based on his alleged failure to timely diagnose her cancer. At all times during defendant's treatment of plaintiff, he conveyed to her that he believed the cause of her symptoms was a hormonal imbalance. Ultimately, the matter came on for trial and the jury found that, although defendant deviated from accepted standards of medical practice in failing to diagnose plaintiff as suffering from cervical cancer, such deviation was not a substantial factor in causing plaintiff's injuries. Plaintiff subsequently moved pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence. Supreme Court granted the motion, set aside the jury's verdict and ordered a new trial, concluding that the testimony attributing plaintiff's decreased survival rate to defendant's negligence was uncontroverted and, thus, the jury had no basis to conclude as it did on the issue of proximate cause. Defendant appeals.

"A jury's finding that a party was at fault but that [such] fault was not a proximate cause of the [plaintiff's injuries] is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause'" (*Schaefer v Guddemi*, 182 AD2d 808, 809, quoting *Rubin v Pecoraro*, 141 AD2d 525, 527). Based on our review of the record, we believe this to be such a case. We accordingly affirm Supreme Court's order.

It is undisputed that the testimony of gynecologic oncologist

Robert Swan, who was presented as an expert witness for plaintiff, constituted the sole evidence on the issue of causation. According to Swan, plaintiff would have had an 80% chance of long-term survival if her cancer had been diagnosed in early 1996, when she was first treated by defendant, and 60% when she saw defendant in August 1996. Based on the symptoms plaintiff exhibited in December 1996, it was Swan's opinion that her chance of survival had fallen to roughly 40% or 50% by that time. Finally, Swan opined that the ultimate spread of plaintiff's cancer to her peritoneal lining constituted "a death warrant" and that the chance for a cure was 0% at the time of her hysterectomy in May 1997.

Defendant contends, however, that the jury was free to disregard Swan's testimony in its entirety. Under the facts present here, we disagree. The New York Pattern Jury Instructions provide, in pertinent part, that the jury: "may reject the expert's opinion if [it] find[s] the facts to be different from those which formed the basis for the opinion * * * [and] may also reject the opinion if, after careful consideration of all the evidence in the case, expert and other, [it] disagree[s] with the opinion. In other words, [the jury is] not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other testimony" (PJI3d 1:90, at 125 [2002]). As can be seen, a jury's rejection of an expert's opinion cannot be made arbitrarily, but must be based on conflicting foundational facts or opinion found in the record. We have therefore held that "a jury's determination not to accept expert testimony and opinion must be supported by other testimony or by the cross-examination of the expert" (*Prescott v Le Blanc*, 247 AD2d 802, 803; *see, Baker v Shepard*, 276 AD2d 873, 875; *Kalfus v Margolies*, 88 AD2d 528).

Based on the record before us, we are unpersuaded by defendant's contention that "the many discrepancies" between Swan's testimony and that of other expert witnesses, the internal discrepancies in Swan's own testimony or the lack of factual support for Swan's conclusions justified the outright rejection of his opinions on the issue of causation. First, most of the attacks on Swan's testimony relate to his opinions concerning defendant's failure to timely diagnose plaintiff's cancer, an issue on which plaintiff prevailed at trial. Second, defendant greatly overstates the extent to which Swan's testimony was discredited on cross-examination. Notably, the fact that Swan's preliminary report, rendered before he had an opportunity to review the depositions, was somewhat more guarded than his trial testimony regarding the likelihood of a

cure if plaintiff's cancer had been diagnosed in April or December 1996, provided no reasonable basis for the jury's implicit conclusion that plaintiff would not have benefitted at all from a correct diagnosis at any time during the period of defendant's treatment. Absent any reasonable justification for the jury's rejection of Swan's opinion on the issue of causation, we conclude that Supreme Court did not err in setting aside the verdict and ordering a new trial (*see, Baker v Shepard, supra* at 875; *Prescott v Le Blanc, supra* at 803; *see also, Knish v Meehan*, 291 AD2d 647).

Defendant's additional contentions have been considered and found to be unavailing.

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.