■ JENNIFER APUZZO, Respondent, v RONALD D. FERGUSON et al., Appellants. [798 NYS2d 537]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Torraca, J.H.O.), entered March 29, 2004 in Ulster County, upon a verdict rendered in favor of plaintiff.

Plaintiff was a front-seat passenger in a car that was struck from behind by a vehicle driven by defendant Ronald D. Ferguson. The impact pushed the car into another vehicle, resulting in a second collision, and also caused the car to spin about 180 degrees. Plaintiff was treated that day for neck and back pain, she continued seeking medical treatment and was later diagnosed with, among other things, carpal tunnel syndrome. She eventually had two surgeries on her right arm, about a year apart, both of which were aimed at addressing her conditions. At the trial, Supreme Court submitted to the jury the serious injury categories of permanent consequential limitation, significant disfigurement and significant limitation of use. The jury found a significant limitation of use and awarded damages of $175,000 for past pain and suffering and $10,000 for future pain and suffering. Defendants appeal.

Defendants contend that the evidence was not sufficient to support the jury's finding that plaintiff suffered a serious injury. Setting aside a jury's verdict as not supported by sufficient evidence requires a showing that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Lawrence v Capital Care Med. Group, LLC*, 14 AD3d 833, 834 [2005]). The category of serious injury found by the jury, significant limitation, must be supported by objective medical evidence showing "more than a mild, minor or slight limitation of use" (*Jones v Davis*, 307

AD2d 494, 495 [2003], *appeal dismissed* 1 NY3d 566 [2003]). Plaintiff's treating surgeon, Laurence Brenner, testified about a series of tests he administered, several of which were objective in nature, that supported his diagnosis and his determination that surgical intervention was necessary. He further stated that there was "no question" that the cause of plaintiff's conditions was the subject motor vehicle accident. Plaintiff, who is right-handed, reportedly experienced pain and numbness in her right arm, which caused a host of problems including difficulties driving, grooming, opening jars, opening doors and sleeping. Plaintiff continued to experience considerable problems after the first surgery (an open release of the right carpal tunnel and of the right Guyon's canal) and, thus, she underwent a second surgery (right ulnar nerve transposition), which reduced but did not eliminate her physical problems. Review of the record reveals that the jury's finding that plaintiff sustained a significant limitation was supported by legally sufficient evidence.

Nor are we persuaded by defendant's argument that the verdict was against the weight of the evidence. While defendants produced a doctor who disagreed with Brenner's conclusions as to causation and the need for the surgeries, this presented a classic case of conflicting expert opinions that the jury resolved in plaintiff's favor. The evidence does not so preponderate in defendants' favor that it could not have been reached by any fair interpretation thereof (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]).

Lastly, defendants assert that the jury's verdict was excessive. We note that defendants did not make a postverdict challenge to the amount of the jury's verdict before Supreme Court (*see* 1 Newman, New York Appellate Practice § 2.05 [7]; *see also Murphy v Lewry*, 235 AD2d 968, 969 [1997]) and, thus, we do not have a ruling on this issue from the court which, like the jury, observed the witnesses and whose ruling would have received deference (*see Pinkowski v Fuller*, 5 AD3d 907, 908 [2004]). Exercising our power to review the amount of damages despite defendants' failure to seek review of that issue from the trial court (*see Petryszyn v Di Fulvio*, 185 AD2d 405, 405 [1992]; *Martin v City of Albany*, 51 AD2d 596, 597 [1976], *revd on other grounds* 42 NY2d 13 [1977]), we are not persuaded that the verdict should be disturbed. The inherently factual finding of damages for pain and suffering is generally "left to a jury's common sense and judgment in light of its common knowledge and experience and with due regard to the evidence presented at trial, including the demeanor and testimony of all witnesses" (*Murphy v Lewry, supra* at 969 [citation omitted]). We typically

look to similar cases in an effort to see whether a verdict falls beyond a reasonable range (*see Valentine v Lopez*, 283 AD2d 739, 743 [2001]). While an analysis of the cases (most of which are unreported) submitted by defendants and countered by plaintiff reflect that the verdict was in the upper range for an injury resulting in two surgeries on a dominant arm with some residual physical problems, we are not convinced that the verdict deviated materially from reasonable compensation (*see* CPLR 5501 [c]).

Spain, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.