■ FRANCISCO CONTRERAS HERNANDEZ et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITAL CORPORATION, Respondent. [11 NYS3d 588]—

Order, Supreme Court, New York County (George J. Silver, J.), entered May 21, 2014, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff Francisco Contreras Hernandez alleges that Harlem Hospital Center's delay in calling for a surgical consult and proceeding to surgery proximately caused the amputation of the distal portion of his finger. Defendant made a prima facie showing of its entitlement to summary judgment by submitting its medical expert's opinion that there was no departure from the standard of care, and that defendant's doctors did not proximately cause the partial loss of the finger, as the partially severed finger could not be salvaged due to the extent of damage from the initial injury (*see DeFilippo v New York Downtown Hosp.*, 10 AD3d 521, 523 [1st Dept 2004]).

In opposition, plaintiffs raised an issue of fact by submitting the affirmation of a physician with expertise in emergency medicine, who opined that the delays in seeking a surgical consult were a departure from the standard of care, that the viability of the partially severed finger diminished with every passing hour, and that amputation could have been avoided had the surgery occurred within 4-6 hours, rather than 16-18 hours, of the injury. Although plaintiffs' expert did not quantify the extent to which defendant's negligence decreased the chance of saving the distal portion of the finger, his competing opinion that the delay in treatment diminished plaintiff's chance of a better outcome was sufficient to raise an issue of fact as to proximate cause (*see King v St. Barnabas Hosp.*, 87 AD3d 238, 245 [1st Dept 2011]; *see also Goldberg v Horowitz*, 73 AD3d 691, 694 [2d Dept 2010]). Concur—Acosta, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.