K.R. v Roussis (2020 NY Slip Op 07454)





K.R. v Roussis


2020 NY Slip Op 07454


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, Shulman, JJ. 


Index No. 805042/14 Appeal No. 12609-12609A-12609B Case No. 2019-03376 2019-04071 

[*1]K.R., Infant, by Her Mother and Natural Guardian, Theresa R. etc., et al., Plaintiffs-Appellants,
v
George P. Roussis, M.D., et al., Defendants, Joseph Trentacosta, M.D., etc., et al., Defendants-Respondents.


Law Office of Arnold DiJoseph, P.C., New York (Arnold E. DiJoseph of counsel), for appellant.
Amabile & Erman, P.C., Staten Island (Frank A. DiScipio of counsel), for Joseph Trentacosta, M.D., Ewa Kirpan-Trentacosta and Interboro OB/GYN Associates, P.C., respondents.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Christopher Simone of counsel), for Staten Island University Hospital, respondent.



Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 23, 2019, dismissing the complaint as against Joseph Trentacosta, M.D., unanimously reversed, on the law, without costs, and the complaint reinstated as against him. Appeal from order, same court and Justice, entered April 9, 2019, to the extent it granted the administrator of Dr. Trentacosta's estate's motion for summary judgment dismissing the complaint as against Dr. Trentacosta, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment. Order, same court and Justice, entered April 9, 2019, which granted defendant Staten Island University Hospital's (SIUH) motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion denied.
In opposition to defendants' prima facie showing that they did not depart from good and accepted medical care in their treatment of the infant plaintiff, plaintiffs submitted affirmations by their expert pediatric surgeon, expert obstetrician/gynecologist, and expert emergency room pediatrician that raised issues of fact as to whether SIUH, in whose emergency room the infant was treated, and Dr. Trentacosta, who saw her the following morning, deviated from good and accepted medical care by failing to admit the infant for observation until surgery could be performed to remove the large cyst on her ovary, given that the infant was presenting with pain and that diagnostic testing reports explicitly stated that torsion of the ovary could not be ruled out (see Shewbaran v Laufer, 177 AD3d 510 [1st Dept 2019]; Ng v NYU Langone Med. Ctr., 157 AD3d 549 [1st Dept 2018]).
Issues of fact also exist as to defendants' alternative argument, that regardless of whether the ovary became necrotic from torsion, it was not resectable, i.e., salvageable, because of the size of the cyst. The experts disagreed as to whether there would have been any salvageable ovarian tissue if torsion had not occurred. Thus, causation is an issue for the factfinder (see Kallenberg v Beth Israel Hosp., 45 AD2d 177, 180 [1st Dept 1974], affd 37 NY2d 719 [1975]; Hernandez v New York City Health & Hosp. Corp., 129 AD3d 532 [1st Dept 2015]). Contrary to defendants' argument, the opinions of plaintiffs' experts, formed after review of the surgical and pathology reports and intraoperative
photographs and diagrams are not speculative (see Torres v Cergnul, 146 AD3d 509, 511 [1st Dept 2017], affd 30 NY3d 1024 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020