Appleyard v Tigges (2023 NY Slip Op 00260)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Appleyard v Tigges

2023 NY Slip Op 00260

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023
Before: Webber, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 


Index No. 24491/14E Appeal No. 16727 Case No. 2021-03656 

[*1]Audrey A. Appleyard, Plaintiff-Respondent,
vRussell G. Tigges et al., Defendants-Appellants, Vassar Brothers Hospital et al., Defendants.

Martin Clearwater & Bell LLP, New York (Barbara D. Goldberg of counsel), for Russell G. Tigges, appellant.
Mauro Lilling Naparty LLP, Woodbury (Katherine Herr Solomon of counsel), for Orthopedic Associates of Dutchess County, P.C., appellant.
Pollack, Pollack, Isaac & DeCicco LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered September 30, 2021, which denied defendants Russell G. Tigges and Orthopedic Associates of Dutchess County, P.C.'s motion to set aside the jury verdict, unanimously modified, on the law and the facts, to dismiss Tigges from the action and to vacate the past pain and suffering award of $3 million and direct a new trial solely on the issue of damages for past pain and suffering, unless, within 30 days of service of this order with notice of entry, plaintiff stipulates to a reduced award of $500,000, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint against Dr. Tigges.
The jury's determination that Dr. Stuart Feinstein was not negligent was not against the weight of the evidence. Although the parties' experts agreed that Dr. Feinstein departed from the standard of care, they disagreed as to what conduct constituted the departure. Thus the cases relied upon by defendants are inapplicable (see Yac v County of Suffolk, 205 AD3d 764, 766 [2d Dept 2022] [jury's determination opposite to unrebutted testimony of expert]; Reilly v Ninia, 81 AD3d 913, 915-917 [2d Dept 2011]; [the defendant's expert's testimony rejected as conclusions reached based on facts not in the record]; Wojcik v Kent, 21 AD3d 1410, 1412 [4th Dept 2005] [jury disregarded opinions of the medical experts]; Calderon v Irani, 296 AD2d 778, 778-779 [3d Dept 2002] [jury's findings inconsistent and contrary to unrebutted expert]; Baker v Shepard, 276 AD2d 873, 875-876 [3d Dept 2000] [jury failed to consider the testimony of the only expert medical evidence presented at the trial]; Prescott v LeBlanc, 247 AD2d 802, 803 [3d Dept 1998] [jury disregarded the plaintiff's experts' uncontroverted opinion]; Darrow v Lavancha, 169 AD2d 965, 966 [3d Dept 1991] [jury's verdict contrary to testimony of both parties' experts who were in complete agreement]).
The jury's determination that Orthopedic Associates of Dutchess County, P.C. (OADC) employee Physician Assistant Daniel Caputo's departure from the standard of care was a proximate cause of plaintiff's injuries was supported by legally sufficient evidence and was not against the weight of the evidence. The parties' experts offered conflicting opinions regarding whether Caputo's failure to immediately act on plaintiff's abnormal bloodwork was a substantial factor in causing her renal failure. Such a "competing opinion that the delay in treatment diminished plaintiff's chance of a better outcome was sufficient to raise an issue of fact as to proximate cause" (Hernandez v New York City Health & Hosp. Corp., 129 AD3d 532, 532 [1st Dept 2015]). Defendants' assertion that, even if Caputo had immediately alerted Dr. Feinstein, Dr. Feinstein would have delayed taking appropriate corrective action until the following day, when it was undisputedly too late, is unduly speculative. At any rate, evidence was presented that Caputo could also [*2]have taken such actions himself.
Defendant Russell G. Tigges may not, however, be held vicariously liable for the actions of Caputo. It is undisputed that Dr. Tigges was not involved in plaintiff's treatment during her admission, notwithstanding that he was often listed as the attending physician on her chart (see Latiff v Wyckoff Hgts. Hosp., 144 AD2d 650, 651 [2d Dept 1988]). He was also not liable for Caputo's conduct pursuant to Department of Health Regulations (10 NYCRR) § 94.2 or Business Corporation Law § 1505 (a). There is no indication that Dr. Tigges, and not another of the doctors at OADC, was the doctor supervising Caputo at the time in question (see 10 NYCRR § 94.2[a], [f]; Business Corporation Law § 1505[a]; M.L. v Panza, 63 Misc 3d 1225[A], *3 [Sup Ct, Suffolk County 2019]). It is not enough that Caputo was employed by a professional service corporation of which Dr. Tigges was a shareholder (see Hill v St. Clare's Hosp., 67 NY2d 72, 79 [1986]; Engelbart v Schachter, 235 AD2d 387, 388 [2d Dept 1997]; Connell v Hayden, 83 AD2d 30, 58-59 [2d Dept 1981]).
We find that the $3 million jury award deviates materially from what would be reasonable compensation and should be reduced as indicated (see generally CPLR 5501[c]; Donlon v City of New York, 284 AD2d 13, 18 [1st Dept 2001]). Although none of the cases relied on by the parties are squarely on point, the subject award is well outside the range of awards in all of these cases (see Midler v Crane, 67 AD3d 569, 570-571, 576 [1st Dept 2009], revd on other grounds by 14 NY3d 877 [2010]; Morales v Heron, 250 AD2d 408, 408-409 [1st Dept 1998]; Arciola v State of New York, 2011 NY Slip Op 52552[U], *7-8 [Ct Cl 2011]). To the extent plaintiff relies on cases involving wrongful deaths and the accompanying "apprehension of impending death," such reliance is misplaced (see Matter of 91st St. Crane Collapse Litig., 154 AD3d 139, 153 [1st Dept 2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023