J.G. v St. Luke's-Roosevelt Hosp. Ctr. (2023 NY Slip Op 00489)

J.G. v St. Luke's-Roosevelt Hosp. Ctr.

2023 NY Slip Op 00489

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Kapnick, J.P., Friedman, Gesmer, Moulton, Mendez, JJ. 

Index No. 805126/13 Appeal No. 17216 Case No. 2022-01695 

[*1]J.G., an Infant, by his Mother and Natural Guardian, Piedad Angamarca, and Piedad Angamarca, Individually, Plaintiffs-Appellants,
v
St. Luke's-Roosevelt Hospital Center, Defendant-Respondent.

The Fitzgerald Law Firm, P.C., Yonkers (Mitchell L. Gittin of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliot J. Zucker of counsel), for respondent.

Judgment, Supreme Court, New York County (Judith McMahon, J.), entered January 20, 2022, in favor of defendant dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about January 13, 2022, to the extent it granted defendant's motion for summary judgment dismissing plaintiffs' malpractice claims, unanimously reversed, on the law, without costs, the judgment vacated, the motion denied, and the malpractice claims reinstated.
Plaintiffs established the existence of triable issues of fact as to both standard of care and proximate cause sufficient to defeat summary judgment (see Melendez v Parkchester Med. Servs., P.C., 76 AD3d 927, 927 [1st Dept 2010]). Plaintiffs' expert's opinion that defendant breached the standard of care by failing to make reasonable efforts to contact plaintiff mother when she did not arrive for a scheduled hospital transfer on September 25, 2010, or for a scheduled prenatal visit on October 1, 2010, despite an October 1 prenatal progress report marked "Urgent Problem; Nurse to Call," creates an issue of fact as to whether defendant departed from the standard of care, particularly in light of defendant's expert's failure to address this issue in more than conclusory terms.
Viewing the facts in the light most favorable to plaintiffs, their expert's opinion that the delay in treatment substantially diminished the infant plaintiff's chance of a better outcome was sufficient to raise a factual issue as to proximate cause (see Barahona v Marcus, 203 AD3d 504, 505 [1st Dept 2022]). Both parties' experts agree that plaintiff mother suffered from chronic massive perivillous fibrin deposition (MPFD), a condition of the placenta for which there is no treatment other than delivery of the fetus, and which was the underlying cause of an intrauterine deprivation of oxygen to the infant. Plaintiffs' expert's opinion that earlier delivery with NICU therapies would have led to a better outcome for the infant, creates an issue of fact for a jury. Defendant's expert addresses the harm MPFD causes to a fetus in all-or-nothing terms and does not foreclose the possibility that a delivery days or weeks earlier would have reduced the infant's intrauterine hypoxic exposure and reduced the severity of injury. Even though plaintiffs' expert did not quantify the extent to which defendant's negligence exacerbated the infant's injury, his opinion that the delay in treatment
diminished plaintiff's chance of a better outcome was sufficient to raise a triable issue as to proximate cause (see Hernandez v New York City Health & Hosp. Corp., 129 AD3d 532, 532 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023