Mascia v Pinar (2024 NY Slip Op 05028)

Mascia v Pinar

2024 NY Slip Op 05028

Decided on October 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2024

Before: Kern, J.P., Oing, Kennedy, Higgitt, Michael, JJ. 

Index No. 22716/20 Appeal No. 2781 Case No. 2023-04315 

[*1]Peter Mascia et al., Plaintiffs-Respondents,
v
Tonguc Pinar, M.D., Defendant, New York City Health and Hospitals Corporation, Defendant-Appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Diana Lawless of counsel), for appellant.
The Jacob B. Fuchsberg Law Firm, LLP, New York (Nealraj S. Bhushan of counsel), for respondents.

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered on or about July 10, 2024, which, to the extent appealed from, denied the summary judgment motion of defendant New York City Health and Hospital Corporation (HHC), unanimously affirmed, without costs.
Plaintiff Peter Mascia alleges that after he presented to HHC with injuries suffered in a vehicle collision, HHC failed to properly monitor him neurologically, assess his neurological condition, and timely perform surgery on an emergent basis, thus causing him to suffer permanent spinal injury.
HHC made a prima facie showing of entitlement to summary judgment by submitting its medical expert's opinion that there was no departure from the standard of care and that HHC's doctors did not proximately cause plaintiff's injury by declining to perform surgery on an emergent basis. The expert opined that plaintiff's injury resulted from his preexisting condition, not from any delay in surgery, and that earlier surgery would not have changed plaintiff's ultimate outcome or recovery. The burden then shifted to plaintiffs to come forward with evidence sufficient to raise a triable issue of fact.
In opposition to HHC's motion, the affirmation of plaintiffs' expert rebutted HHC's prima facie showing, raising questions of fact regarding whether there was a departure from the applicable standard of care (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; Cregan v Sachs, 65 AD3d 101, 108 [1st Dept 2009]). The expert pointed to specific factors in the hospital records, including plaintiff's particular spinal physiology observed on CT scans, the mechanism of injury, and the development of neurological deficits during his admission, raising an issue as to whether the surgery that was performed on plaintiff two days after his admission should have been performed on an emergent basis (see King v St. Barnabas Hosp., 87 AD3d 238, 246-247 [1st Dept 2011]). The expert also sufficiently opined, with supporting evidence, that the delay led to the loss of improved outcome and diminished plaintiff's chance of a better recovery (see Hernandez v New York City Health & Hosp. Corp., 129 AD3d 532, 532 [1st Dept 2015]; Polanco v Reed, 105 AD3d 438 [1st Dept 2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 10, 2024