■ JOSEPH LARABY et al., Appellants, v VILLAGE OF POTSDAM HOUSING AUTHORITY et al., Respondents. [675 NYS2d 228] —Crew

III, J. Appeal from an order of the Supreme Court (Demarest, J.), entered April 4, 1997 in St. Lawrence County, which denied plaintiffs' motion for a new trial on the issue of damages.

Plaintiff Joseph Laraby (hereinafter Laraby) and his spouse, derivatively, commenced this action against defendants for personal injuries allegedly sustained when Laraby slipped and fell in the parking lot of the apartment complex where plaintiffs lived. At the conclusion of the trial that followed, the jury found that defendants indeed were negligent and apportioned liability 50% to Laraby and 50% to defendants. As to damages, the jury awarded $3,093.74 for medical expenses but elected not to award a sum for Laraby's pain and suffering or his spouse's derivative claim. Plaintiffs' subsequent motion for a new trial on the issue of damages was denied and this appeal ensued.

Although the record fully supports the jury's decision not to award a sum for Laraby's future pain and suffering and/or his spouse's derivative claim, we reach a contrary finding with respect to Laraby's pain and suffering up to the time of verdict. In awarding a sum for medical expenses, the jury necessarily found that Laraby indeed sustained an injury. Having done so, and in view of Laraby's uncontroverted testimony as to the pain that he experienced following his fall, the jury's failure to award any damages for Laraby's past pain and suffering necessarily "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). Accordingly, we must remit this matter for a new trial on the issue of damages insofar as it relates to Laraby's past pain and suffering.

Mikoll, J. P., and Yesawich Jr., J., concur.

Carpinello, J. (dissenting). We respectfully disagree with the majority's conclusion that the jury's verdict materially deviates from "what would be reasonable compensation" (CPLR 5501 [c]) for Laraby's claimed pain and suffering, especially in light of the sharply conflicting proof as to the extent of such injuries, if any. Having found defendants negligent and, that negligence to have been a proximate cause of the accident which required Laraby to incur medical expenses, it was entirely appropriate for the jury to have granted plaintiffs a monetary award to compensate them for this pecuniary loss.

Pain and suffering, however, are "wholly subjective concepts" (*McDougald v Garber*, 73 NY2d 246, 259 [Titone, J., dissenting]) and "the amount of damages to be awarded [if any] is primarily a question of fact * * * and considerable deference should be accorded to the interpretation of the evidence by the jury" (*Levine v East Ramapo Cent. School Dist.*, 192 AD2d 1025, 1025-1026 [citation omitted]). This Court's

discretionary power to overturn such a verdict "is to be exercised sparingly" (*Santalucia v County of Broome*, 228 AD2d 895, 897). Merely because the negligence of defendants caused plaintiffs to suffer a pecuniary loss does not ipso facto require that the jury also make an award for claimed pain and suffering; that is a determination which is solely within the jury's province after weighing the credibility of the witnesses. In short, "[our] belief in the jury system, and in the collective wisdom of the deliberating jury, leads [us] to conclude that we may safely leave that task in the jurors' hands" (*McDougald v Garber, supra*, at 262 [Titone, J., dissenting]).

Mercure, J., concurs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of plaintiffs' motion seeking a new trial on the issue of damages for plaintiff Joseph Laraby's claim for past pain and suffering; motion granted to that extent and matter remitted to the Supreme Court for a new trial on the issue of said damages only; and, as so modified, affirmed.