■ ELAINE T. MORRISSEAU, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 1.) DORIS E. MORRISSEAU, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 2.) [696 NYS2d 545] —Cardona, P. J. Appeals (1) from that part of two judgments of the Court of Claims (Collins, J.), entered June 22, 1998,

upon decisions of the court in favor of claimants awarding damages for pain and suffering, and (2) from two orders of said court, entered July 31, 1998, which denied claimants' motions to set aside the judgments as inadequate.

On December 20, 1987, claimant Doris E. Morrisseau (hereinafter the mother) was involved in an automobile accident when the vehicle she was operating was struck by another vehicle at the intersection of State Routes 43 and 66 in the Town of Sand Lake, Rensselaer County. Her daughter, claimant Elaine T. Morrisseau (hereinafter the daughter), was riding as a passenger in the car at the time of the accident. Following the commencement of this litigation against the State, a bifurcated trial was held which resulted in a finding that the State was negligent. That decision was affirmed on appeal (237 AD2d 803).

In January 1998, the Court of Claims conducted a trial on the issue of damages. After hearing detailed medical testimony on the extent of claimants' respective injuries, the court rendered a judgment awarding the mother $50,000 for past medical expenses, $195,000 for past pain and suffering, $80,000 for future pain and suffering for a period of 26 years, $91,779.85 for past lost wages and $87,159 for future lost wages for seven years. In addition, the court rendered a judgment awarding the daughter $16,000 for past pain and suffering and $13,771.12 for past medical expenses. Claimants subsequently moved pursuant to CPLR 4404 (b) to increase the damages awarded to each for pain and suffering. The court denied the motions. Claimants appeal from that part of the judgments awarding damages for pain and suffering and from the orders denying their posttrial motions.

Claimants contend that the damages awarded for pain and suffering fail to adequately compensate them for their injuries. The standard of review is whether the awards deviate materially from what would be considered reasonable compensation (see, CPLR 5501 [c]; *Harvey v Mazal Am. Partners*, 79 NY2d 218, 225; *Nelson v State of New York*, 246 AD2d 809, 811). Based upon our review of the record, we conclude that the Court of Claims' awards to the mother for past and future pain and suffering and to the daughter for past pain and suffering were not sufficient.

Turning first to the mother, the court awarded her $195,000 for past pain and suffering and $80,000 for future pain and suffering over a period of 26 years. The record establishes that the mother suffered serious injuries resulting in various complications and requiring numerous hospitalizations over an

extended period of time. She has a permanent disability. Following the accident, the mother and daughter were brought by ambulance to the hospital where they were seen by James Furlong, an orthopedic surgeon. Furlong diagnosed the mother with a unimalleolar fracture dislocation of the right ankle involving the talus. More particularly, Furlong stated that the mother's injury "involved her talus and * * * the tibia in * * * the medial malleolar * * * [a]nd * * * the neck and the body of the talus were in separate pieces * * * [a]nd * * * the body of the talus * * * went essentially through the medial malleolus and knocked it off". The mother, who was relatively healthy prior to the accident except for mild hypertension, testified that her foot was in excruciating pain after the accident. Furlong initially reduced the dislocation by manually putting the talus inside the ankle bone and used a posterior splint. The following day, he performed surgery in which he secured the fracture with screws and wire. The mother and daughter were discharged from the hospital on or around January 7, 1988.

After leaving the hospital, the mother and daughter, both in casts, had limited mobility requiring them to rely upon the services of visiting nurses for approximately seven weeks. The mother stated that she did not leave the house, except for medical appointments, for three months and continued to experience pain. A few months after her discharge from the hospital, she developed a sore on her leg that required Betadine soaks and, after becoming infected, had to be cauterized with silver nitrate solution. While the internal fixation of the fracture was good, the mother developed sclerosis of the body of the talus requiring further surgery in May 1988 in which bones were scraped, ligaments cut and a Hickman catheter inserted to administer antibiotics to treat an infection in the bone (osteomyelitis). After again getting out of the hospital, the mother continued to experience pain, was unable to put weight on her foot and required the assistance of visiting nurses.

Although the mother was able to walk with the assistance of a four-legged cane by August 1988, she developed a limp and a varus deformity in which her foot and ankle began to turn inward relative to her leg. She was approved to return to her job as an inventory control specialist at Rensselaer Polytechnic Institute on September 1, 1988; however, she was unable to continue because of swelling and pain in her foot and ankle which restricted her mobility. Her varus deformity continued to worsen as did the osteomyelitis which ultimately resulted in necrosis of the body of the talus. Furlong performed fusion

surgery to the mother's ankle joint in March 1989 which required taking bone from the pelvis, grafting it into the talus and securing it with screws. In addition, an infusoport was inserted to administer antibiotics. The mother experienced pain in her foot and right hip where the bone graft was taken. She was discharged in April 1989 with a cast on her leg and again required the assistance of visiting nurses.

Thereafter, the mother's condition began to improve somewhat as a brace and harness were configured to help her walk and she was able to drive a car. Most of the time, however, she stayed at home. Between April 1989 and August 1991, the mother experienced high fevers, vomiting and sweats. In August 1991, she was hospitalized with various ailments and, at that time, diagnosed with an infection in the blood stream caused by the infusoport. The mother had surgery to remove the infusoport as well as the screws in her ankle. She was released from the hospital in September 1991.

The mother's daily activities have continued to be significantly restricted since the accident. She still experiences difficulty performing simple household tasks such as doing dishes. She is unable to perform the duties required of her former job. She continues to experience pain in her foot and difficulty walking due to the varus deformity of the ankle requiring use of a prescriptive metal brace and shoe on a daily basis. According to Furlong, her condition is unlikely to improve further and she will always experience some degree of orthopedic pain.

Given the mother's numerous hospitalizations, the complications associated with her injuries, the significant pain she has experienced, the substantial length of her recovery period, the limitations on her daily activities, the disfigurement and deformity resulting from the injuries and the permanency of the injuries, we find that she is entitled to an increase in damages for pain and suffering. We reach this conclusion notwithstanding the fact that the mother suffers from other medical problems, such as obesity and diabetes, not related to the automobile accident. In our view, an award of $250,000 for past pain and suffering and $300,000 for future pain and suffering is appropriate under these circumstances (*see, e.g.*, *Lanpont v Savvas Cab Corp.*, 244 AD2d 208, 212). Insofar as the judgment is inadequate in this respect, we set it aside.

Next, we examine the damages awarded to the daughter. The Court of Claims awarded her $16,000 for past pain and suffering. The court made no award for future pain and suffering. Following the accident, she suffered two broken ankles. Each was treated with closed reduction. The left ankle fracture

required the application of a below-the-knee cast and the right required the application of a long leg cast to mid-thigh. The daughter was required to use a commode and wheelchair. Throughout her hospital stay, she experienced pain in both ankles for which she was prescribed codeine. She was discharged after an 18-day hospital stay. During the next month at home she required nursing care to assist her in using the commode, sponge bathing, dressing, meal preparation and using her wheelchair. She continued to experience pain for which she took Advil. Eventually, the casts were removed and replaced with air casts and crutches. She was not permitted to begin full weight bearing on her ankles until February 11, 1988 and did not return to school as a full-time student until March 1988. Although the daughter appears to have made a full recovery and is not likely to experience future developmental problems with respect to her ankles as a result of the accident, she, nevertheless, suffered painful and disabling injuries for four months. In view of this, we find that she is entitled to an increase in the award for past pain and suffering from $16,000 to $30,000. Accordingly, we set aside the judgment to that extent also.

Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment in claim No. 1 awarding claimant Elaine T. Morrisseau damages against the State of New York is modified, on the law and facts, without costs, by reversing so much thereof as awarded $16,000 for past pain and suffering, and ordering a new trial on the issue of these damages only unless, within 20 days after the date of this decision, claimant Elaine T. Morrisseau and the State of New York shall stipulate to increase the award for past pain and suffering to $30,000, in which event the judgment, as so modified, is affirmed. Ordered that the judgment in claim No. 2 awarding claimant Doris E. Morrisseau damages against the State of New York is modified, on the law and facts, without costs, by reversing so much thereof as awarded $195,000 for past pain and suffering and $80,000 for future pain and suffering, and ordering a new trial on the issue of these damages only unless, within 20 days after the date of this decision, claimant Doris E. Morrisseau and the State of New York shall stipulate to increase the award for past pain and suffering to $250,000 and for future pain and suffering to $300,000, in which event the judgment, as so modified, is affirmed. Ordered that the order in claim No. 1 is reversed, on the law and facts, without costs, motion granted and matter remitted to the Court of Claims for a new trial on the issue of damages unless claimant Elaine T. Morrisseau and the State of New York stipulate to have the damages awarded to

claimant Elaine T. Morrisseau for past pain and suffering increased to $30,000. Ordered that the order in claim No. 2 is reversed, on the law and facts, without costs, motion granted and matter remitted to the Court of Claims for a new trial on the issue of damages unless claimant Doris E. Morrisseau and the State of New York stipulate to have the damages awarded to claimant Doris E. Morrisseau for past pain and suffering increased to $250,000 and future pain and suffering increased to $300,000.