■ TERRY BUTCHER, Respondent, v ROTTERDAM SQUARE MALL et al., Appellants. (And a Third-Party Action.) [702 NYS2d 681] —Crew III, J. Appeal from an order of the Supreme Court (Best, J.), entered April 12, 1999 in Fulton County, which granted plaintiff's motion to set aside a portion of the jury verdict with respect to plaintiff's damages for past and future pain and suffering and granted a new trial on this issue.

On March 4, 1994, plaintiff suffered a tear in the rotator cuff of his right shoulder when he fell on ice at defendant Rotterdam Square Mall in the Town of Rotterdam, Schenectady County. As a consequence, plaintiff commenced the instant negligence action and, following a jury trial, a verdict was rendered finding Rotterdam Square Mall 70% liable and plaintiff 30% liable for plaintiff's injury. The jury awarded plaintiff monetary damages for his medical expenses and lost earnings but made no award for either past or future pain and suffering. Plaintiff's postverdict motion to set aside that part of the verdict that failed to award him damages for past and future pain and suffering was granted and a new trial was ordered. Defendants now appeal.

In view of the uncontroverted evidence that plaintiff had to undergo surgery to repair the tears in his rotator cuff tendons, it is clear that the verdict, insofar as it made no award for past pain and suffering, could not have been reached upon any fair interpretation of the evidence (*see, e.g., Grassi v Ulrich*, 87

NY2d 954, 956). Accordingly, Supreme Court properly granted plaintiff's motion to set aside that portion of the jury's verdict.

We reach a different conclusion, however, with regard to the lack of an award for future pain and suffering. The record reflects that following the initial operation to repair the torn rotator cuff, plaintiff underwent a second surgery for the removal of bone spurs, during the course of which the operating surgeon determined that plaintiff's rotator cuff had been fully repaired by the first surgery. Additionally, defendants' expert testified that plaintiff's unrelieved shoulder pain following the initial surgery was the result of the bone spurs, rather than the tear in his rotator cuff. Finally, plaintiff testified that full strength has returned to his right shoulder and he made no claim of continuing pain at trial. In these circumstances, we cannot say that the jury's verdict with regard to future pain and suffering could not have been reached upon any fair interpretation of the evidence and, therefore, Supreme Court's order must be modified in this regard.

Cardona, P. J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion to set aside that portion of the verdict as failed to award damages for future pain and suffering; motion denied to that extent; and, as so modified, affirmed.