■ MARGARET CLINE, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 100564.) [734 NYS2d 301] —Mugglin, J. Appeal from a judgment of the Court of Claims (McNamara, J.), entered August 18, 2000, upon a decision of the court in favor of claimant.

Claimant commenced this personal injury action to recover damages resulting from a trip and fall in the parking lot of the Wallkill Correctional Facility in Ulster County. Following trial, the Court of Claims determined that the State's negligence was a proximate cause of plaintiff's injuries and apportioned liability 25% to claimant and 75% to the State. The court's award of $30,000 for past pain and suffering, when reduced by claimant's share of culpability, resulted in a judgment against the State in favor of claimant in the sum of $22,500. Claimant appeals, contending that the award of $30,000 for past pain and suffering was inadequate and that failure to award damages for her carpal tunnel syndrome was error.

Initially, we reject claimant's contention that the Court of Claims incorrectly determined that her carpal tunnel syndrome was not causally related to the accident. Although claimant, immediately following the accident, complained of pain in her left hand in addition to her other injuries, she was not diagnosed with carpal tunnel syndrome until six months following her fall. Moreover, claimant failed to call as a witness the doctor who treated her for this condition, instead relying only on his medical records to establish a causal relationship. In the absence of any medical testimony, we cannot conclude that the records alone sufficiently establish that claimant's carpal tunnel syndrome was causally related to the accident (*see generally*, *Loeb v Loeb*, 186 AD2d 174, 176; *Macey v Hassam*, 97 AD2d 919, 919-920). Additionally, the medical records of the physician who treated claimant's other injuries in the months following her fall make no mention of any injury to claimant's left hand.

Next, the standard of review to determine whether a damage award adequately compensates a claimant "is whether the award[ ] deviate[s] materially from what would be considered reasonable compensation" (*Morrisseau v State of New York*, 265 AD2d 647, 648). Since the computation of damages does not lend itself to precise quantification, we examine comparable cases to gauge what is considered reasonable compensation for the injuries involved (*see*, *Kahl v MHZ Operating Corp.*, 270 AD2d 623, 624; *Rivera v State of New York*, 205 AD2d 602, 603).

Here, claimant suffered "a fracture through the surgical neck of the humeral head as well as an avulsion fracture of the greater tuberosity" and "a nondisplaced comminuted fracture of the base of the fifth metatarsal." The treating orthopedic surgeon placed claimant's arm in a sling and her right foot in a cast. Eventually, claimant completed approximately 10 physical therapy sessions in connection with the injury to her shoulder. Claimant testified at trial that, as a result of constant pain in her left arm and shoulder, she takes Tylenol on a daily basis, but that she only experiences pain in her right foot when it rains. Again, claimant presented no testimony from her treating doctors, instead relying only upon their records. Based on the medical evidence presented at trial and our examination of awards for similar injuries, we find that the award of damages to claimant does not deviate materially from what would be considered reasonable compensation (*see*, *Baker v Shepard*, 276 AD2d 873, 876; *Faas v State of New York*, 249 AD2d 731; *Duncan v Hillebrandt*, 239 AD2d 811; *Reynolds v Merit Oil*, 167

AD2d 521; *Vogelhut v Waldbaum's Supermarket*, 127 AD2d 590, 591).

Mercure, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.