■ CHARLES D. MARSHALL et al., Respondents, v FABIOLA LOMEDICO et al., Appellants. [738 NYS2d 734] —Cardona, P.J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered February 22, 2001 in Albany County, which granted plaintiffs' motion to partially set aside the verdict and ordered a new trial on the issues of past and future pain and suffering.

Plaintiff Charles D. Marshall (hereinafter plaintiff) and his wife, derivatively, commenced this action to recover damages for personal injuries he sustained in a motor vehicle accident which occurred in the City of Albany on October 16, 1998. After trial, the jury found defendants 100% liable and awarded $6,000 for past pain and suffering. The jury did not, however, award damages for future pain and suffering or for the derivative cause of action. Supreme Court granted plaintiffs' motion to set aside the verdict as inadequate for past and future pain and suffering and ordered a new trial on the issue of said damages. Plaintiffs did not challenge the jury's decision to award zero damages on the derivative claim. Defendants appeal.

A jury award for damages may be set aside when it deviates materially from what would be reasonable compensation (*see, Simeon v Urrey*, 278 AD2d 624, 624; *Britvan v Plaza at Latham*,

266 AD2d 799, 800). The applicable standard for making that determination is whether the record evidence " 'preponderates so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence' " (*Sprung v O'Brien*, 168 AD2d 755, 755, quoting *Frasier v McIlduff*, 161 AD2d 856, 858; *see*, *Lolik v Big V Supermarkets*, 86 NY2d 744, 746). Furthermore, because " 'the amount of damages to be awarded is primarily a question of fact * * * considerable deference should be accorded to the interpretation of the evidence by the jury' " (*Duncan v Hillebrandt*, 239 AD2d 811, 813, quoting *Levine v East Ramapo Cent. School Dist.*, 192 AD2d 1025, 1025-1026 [citation omitted]; *see*, *Britvan v Plaza at Latham*, *supra* at 800).

Here, the trial proof established that plaintiff sustained fractures to two fingers on his nondominant hand and a bruised left knee. Plaintiff's orthopedic surgeon, John Czajka, manipulated plaintiff's fingers to correct for "rotatory malalignment" caused by the twisting of bones. He placed them in a cast, then, over time, replaced the cast with an aluminum splint and, finally, taped the two together to permit motion. Plaintiff testified that the manipulation of his fingers caused him "real pain," comparable to the most painful experience he had ever had. Czajka confirmed that the procedure was "particularly painful." Plaintiff's X rays revealed no injury to his knee. The doctor advised plaintiff to use a single crutch and perform strengthening exercises. Plaintiff stopped using the crutch within three days and the splint was removed eight weeks after the accident.

Czajka testified that the fractures had healed, but plaintiff was left with a mild to moderate deformity in that the index and long fingers are twisted a few degrees, creating the cosmetic appearance that they are a little crooked when he attempts to grasp something. If he makes a fist, the two fingers will close, however, they stick out "a little bit." The doctor indicated that the deformity could make activities that require fine manual dexterity "somewhat bothersome." His medical notes indicated that the fingers had "good power and function" and he further testified that plaintiff's hand-grip power was acceptable. He noted that the deformity was permanent unless surgically repaired in a procedure known as an osteotomy. That operation would involve sawing through the bones, twisting them back into their original position and holding them in place using an internal fixation device such as a plate, screws or wires. Plaintiff was discharged from treatment on December 14, 1998, but sought treatment in July 1999 when he "rammed"

his hand into a coffee table. An associate of Czajka examined plaintiff's hand, reported that plaintiff's fingers were "well healed" with "good alignment," and determined that no treatment was required.

Plaintiff testified that he has constant pain in his hand and it feels like he has a mild sprain. He indicated that the knuckles he injured are swollen, stiffness exists and "it feels like [he] just banged [his] hand." He must take aspirin every day. He contended that the deformity interferes with his employment as a professor of computer and information sciences in that it creates gaps between his fingers that make it impossible to correctly place his fingers on the keyboard. This results in his missing keys when he types, affecting his ability to prepare documents and computer programs. Plaintiff also testified that his deformity and the resulting pain interfere with his avocation of pottery-making. On cross-examination, plaintiff acknowledged that the deformity has not resulted in any lost income or change in his stature as a full professor and it has not prevented him from teaching computer and information sciences. He further indicated that there were no activities that he could not do which were important. Based upon the foregoing facts, and giving deference to the jury's interpretation of the evidence, we find that the award of $6,000 for past pain and suffering does not materially deviate from what has otherwise been deemed reasonable compensation (*see, e.g.,* *Baker v Shepard,* 276 AD2d 873; *Klein v Leonardi,* 267 AD2d 644).

On the other hand, we find unpersuasive defendants' argument that Supreme Court erred in setting aside the jury's verdict regarding future pain and suffering. Czajka's opinion that plaintiff's deformity is permanent and plaintiff's testimony that it causes him constant pain and has affected activities in which he regularly engages were unrefuted. Given these circumstances, we find that the award of no damages for future pain and suffering could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746, *supra; Perkins v McAlonen,* 289 AD2d 914, 915; *Simeon v Urrey,* 278 AD2d 624, 625, *supra*).

Finally, defendants argue that we should either reverse Supreme Court's order denying their trial motion to dismiss the derivative claim or reinstate the award of zero damages to plaintiff's wife. Since plaintiff's wife did not obtain an award for loss of consortium and plaintiffs did not seek to set aside that portion of the verdict, this issue is not before the Court.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered

that the order is modified, on the law, with costs to defendants, by reversing so much thereof as granted plaintiffs' motion to set aside the verdict awarding damages for past pain and suffering; motion denied to that extent and that part of the verdict reinstated; and, as so modified, affirmed.