◼ BONITA GIBSON et al., Appellants, v STEPHANIE TSANDIKOS, Respondent. [803 NYS2d 744]—

Crew III, J. Appeal from two judgments of the Supreme Court (Stein, J.), entered June 15, 2004 and July 16, 2004 in Columbia County, upon a verdict rendered in favor of defendant.

On August 3, 2001, plaintiff Charles Gibson (hereinafter plaintiff) was operating a motor vehicle in which his wife, plaintiff Bonita Gibson (hereinafter Gibson), was a passenger when it was involved in a collision with a vehicle operated by defendant at the intersection of State Road 203 and County Road 9 in the Town of Austerlitz, Columbia County. Following the accident, plaintiff and his wife were taken to the hospital where they were treated and released.

As a result of the accident, plaintiffs commenced this negligence action seeking money damages for personal injuries allegedly sustained. At the ensuing trial, Supreme Court granted plaintiffs' motion for a directed verdict regarding defendant's negligence and Gibson's serious injury as the result of a fracture of her right thumb. Supreme Court denied so much of plaintiffs' motion as sought a directed verdict in favor of plaintiff with regard to the question of serious injury. Thereafter, the jury returned a verdict determining, inter alia, that plaintiff did not

sustain a serious injury and awarding Gibson $20,000 for past pain and suffering. Plaintiffs now appeal.

Plaintiffs initially contend that Supreme Court improperly denied their motion for a directed verdict in favor of plaintiff by reason of a fracture of his left knee. We disagree. It is axiomatic that a court may grant a motion for a directed verdict where, based upon the record evidence, there is no rational process by which the jury could find for the nonmoving party (*see Clemente v Impastato*, 274 AD2d 771, 773 [2000]). Here, there can be no doubt that plaintiffs produced competent and admissible medical evidence that X rays of plaintiff's left knee revealed a fracture of a facet of the patella. However, it is of significant note that those X rays were taken more than 2½ months after the accident, and the hospital records do not reflect that plaintiff complained of any pain or discomfort in his left knee when seen immediately after the accident. Further, plaintiff's attending physician did not testify that the fracture that he observed on the X ray was causally related to the accident which, of course, is a necessary predicate in order for a jury to conclude that there was a serious injury (*see Rose v Furgerson*, 281 AD2d 857, 859 [2001], *lv denied* 97 NY2d 602 [2001]). Moreover, defendant's expert was of the opinion that plaintiff's condition was not the result of the accident but, rather, was of a long-standing preexisting origin. Based on that evidence, we are unable to say that there was no rational process by which a jury could find for defendant and, thus, Supreme Court properly denied plaintiffs' motion for a directed verdict. For the same reason, we reject plaintiffs' contention that the verdict was against the weight of the evidence.

We likewise reject plaintiffs' claim that the award of $20,000 for Gibson's past pain and suffering is inadequate. Defendant's medical expert testified that Gibson's fracture to her right thumb had completely healed and the thumb was functioning normally. Additionally, Gibson's attending physician testified that, upon his most recent examination, Gibson had excellent and equal pinch and grip strength in both hands. Given that evidence, we cannot say that the jury's award materially deviates from what would be considered reasonable compensation (*see Wendell v Supermarkets Gen. Corp.*, 189 AD2d 1063, 1064 [1993]).

Finally, we reject plaintiffs' contention that Supreme Court erred in awarding costs and disbursements to defendant as to plaintiff's cause of action. An award of costs is made in the discretion of the court and may be made to a defendant without denying costs to a plaintiff where it finds that a cause of action

upon which the defendant prevailed is not substantially the same as the cause of action upon which the plaintiff recovered (*see* CPLR 8103). Plaintiffs' causes of action involving the question of whether each sustained a serious injury were separate and dissimilar, and Supreme Court had the discretion to award costs and disbursements to defendant with regard to the cause of action upon which she prevailed.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the judgments are affirmed, with costs.