■ Susan Mae Mihalko, Respondent, v Marjorie Regnaiere et al., Appellants. [828 NYS2d 617]—

Mugglin, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered February 3, 2006 in Washington County, which granted plaintiff's motion to set aside a verdict and ordered a new trial on the issues of past and future pain and suffering.

On August 6, 2002, while exiting defendants' motel, plaintiff suffered an inversion injury to her right ankle when an unattached wooden box, used as a step, moved, causing her to fall.

Because of continuing pain, one month later she consulted Jeffrey Gundel, a board certified orthopedic surgeon, who, in November 2002, performed subtalar fusion surgery. The large screw used in this procedure was surgically removed in 2005, as the bones were by that time fused, but plaintiff was still experiencing pain. During the trial of this action, plaintiff testified that she had suffered a right heel fracture in a 1992 car accident from which she had fully recovered. She further testified that since the 2002 accident, even when inactive, she always experiences some level of pain which increases with activity and, therefore, she no longer participates in roller skating, water skiing, dancing and certain other activities. Gundel testified that plaintiff's 2002 accident caused her injury and, while noting the presence of posttraumatic arthritis from the 1992 accident, expressed his opinion that it was the 2002 injury that produced the pain which necessitated the fusion surgery. He also testified that the fusion will permanently inhibit some movement of plaintiff's ankle and will cause other foot bones to move in an abnormal way, producing pain.

The jury found that defendants were negligent and plaintiff was free from any comparative fault. They awarded plaintiff $6,750—the stipulated amount of medical expenses—but nothing for either past or future damages for pain and suffering. Supreme Court granted plaintiff's motion for a retrial of the damages issue unless defendants stipulated to pay $25,000 for past pain and suffering and $50,000 for future pain and suffering. On this appeal, defendants argue that the verdict was not against the weight of the evidence or, in the alternative, if a new trial is granted, liability, as well as damages, should be retried. We disagree and affirm.

In a personal injury action, a jury's damage award is set aside as inadequate only where the award "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Felitti v Daughriety*, 12 AD3d 909, 910 [2004]; *Marshall v Lomedico*, 292 AD2d 669, 669-670 [2002]; *Cline v State of New York*, 289 AD2d 672, 673 [2001]). A reviewing court must conclude that the "evidence so preponderates in favor of plaintiff that no fair interpretation of the evidence could lead to the result reached by the jury" (*Braco v OCB Rest. Co.*, 5 AD3d 920, 921 [2004]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Allain v Les Indus. Portes Mackie, Inc.*, 16 AD3d 863, 865 [2005]). However, when making this determination, great deference must be given to the jury's interpretation of the evidence presented (*see Braco v OCB Rest. Co., supra* at 921; *Marshall v Lomedico, supra* at 670).

Defendants, who called no expert witness, rely on their cross-examination of plaintiff and Gundel to argue that the jury could reasonably conclude that plaintiff's posttraumatic arthritis from the 1992 car accident was the sole proximate cause of plaintiff's pain and suffering, thus justifying the verdict. We are unpersuaded. No fair interpretation of the evidence supports this argument.

In addition, we find no error in Supreme Court ordering a retrial of only the issue of damages for past and future pain and suffering as the issues of liability and damages are not so intertwined as to make it difficult to determine reasonable compensation for plaintiff's injuries without introducing proof of defendants' liability (*see Figliomeni v Board of Educ. of City School Dist. of Syracuse*, 38 NY2d 178, 182 [1975]; *Stone v Sterling Drug*, 111 AD2d 1017, 1021 [1985]).

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.