■ JACQUELINE J. VOGEL, Appellant, v BENJAMIN A. CICHY, Respondent. [862 NYS2d 401]—

Spain, J. Appeal from an order of the Supreme Court (Giardino, J.), entered May 1, 2007 in Fulton County, which denied plaintiff's motion to set aside the verdict.

Plaintiff commenced this personal injury action seeking damages for injuries she allegedly sustained as a result of a December 2003 automobile accident. Supreme Court granted summary judgment in favor of plaintiff on the issue of liability and the parties thereafter stipulated that plaintiff had sustained a serious injury (*see* Insurance Law § 5102 [d]).* A jury trial was held solely on the issue of damages, at the conclusion of which the jury did not award plaintiff any damages. Plaintiff unsuccessfully moved to set aside the verdict and for a new trial, and now appeals.

"It is well settled that the amount awarded as damages for personal injuries is a factual question for the jury" (*Molter v Gaffney*, 273 AD2d 773, 773 [2000] [citation omitted]). A jury's damages award may be set aside only when it deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Mihalko v Regnaiere*, 36 AD3d 983, 984 [2007]; *Marshall v Lomedico*, 292 AD2d 669, 669 [2002]). When determining whether a jury verdict should be set aside, the standard to be applied is "whether the evidence on the whole so preponderates in favor of the losing party that the verdict could not have been reached on any fair interpretation of the evidence" (*Santalucia v County of Broome*, 228 AD2d 895, 896 [1996]; *see Mihalko v Regnaiere*, 36 AD3d at 984; *Marshall v Lomedico*, 292 AD2d at 670). Further, the jury's interpretation of the evidence and resolution of credibility issues should be accorded great deference (*see Mihalko v Regnaiere*, 36 AD3d at 984; *Marshall v Lomedico*, 292 AD2d at 670; *Molter v Gaffney*, 273 AD2d at 773; *Lolik v Big V Supermarkets*, 266 AD2d 759, 760 [1999]).

Here, one of the injuries for which plaintiff sought recovery was pain and reduced range of motion allegedly caused by injury to her cervical spine. Her treating chiropractor and expert witness, Timothy Liszewski, testified that he was treating plaintiff for neck pain resulting from the December 2003 accident. However, Liszewski also testified that he had treated plaintiff for many years regarding a lower back injury, and that as early

---

* No written stipulation appears in the record and we cannot determine to what extent the parties agreed to the nature of the injury, whether it is permanent and the extent to which it was caused by the accident.

as 1992, he had treated her for neck pain. Significantly, plaintiff was involved in a prior car accident in January 2003 and, according to Liszewski, she sustained a cervical spine injury for which he was treating her and which was not resolved at the time of the December 2003 accident. Liszewski did opine at one point that 75% to 80% of plaintiff's current neck pain is from the December 2003 accident. However, plaintiff's testimony is inconsistent, in part, from Liszewski's, with regard to the significance of her problems with neck pain and headaches prior to the December 2003 accident. Under these circumstances, and according due deference to the jury's credibility determinations, we find a sufficient basis upon which the jury could reasonably conclude that plaintiff's complaints with respect to spinal injuries were not caused by the December 2003 accident (*see Smetanick v Erie Ins. Group*, 16 AD3d 957, 958 [2005]; *compare Mihalko v Regnaiere*, 36 AD3d at 985).

Likewise, plaintiff's claims for recovery based on tinnitus (ringing in the ears) and loss of memory were unsupported by any expert testimony and plaintiff conceded that these alleged conditions do not interfere with her daily life. Accordingly, there is no basis upon which to disturb the jury's conclusion that plaintiff was not entitled to damages for these alleged injuries.

We reach a different conclusion with respect to the remaining injury alleged by plaintiff—injury to her hand. It is undisputed that, in the accident, plaintiff fractured a bone in the fourth finger of her dominant hand. Her expert, Gerald Ortiz, an orthopedic surgeon, testified that plaintiff did not require surgery, but her hand was splinted for about one month following the injury and she thereafter undertook a course of occupational therapy. He testified that when he last examined plaintiff, some five months following the injury, the bone fully healed, but it healed shorter, displacing the knuckle, and that this condition was permanent. Further, Ortiz testified that plaintiff had a degree of extension lag in her finger and, when informed that plaintiff testified that, three years later, she continues to have pain and problems with grip strength, Ortiz opined that plaintiff has a permanent injury to her flexor tendons causing some chronic inflammation. Plaintiff testified that her job involves computer work and that, since the accident, she experiences swelling and pain after working all day. She stated that cold weather often aggravates the pain and her grip strength problem has worsened, which affects her ability to do everyday tasks; however, plaintiff admits that she did not seek additional therapy for her worsening grip strength and that, with adaptations, she is able to perform her professional and household

tasks. Defendant offered no expert witnesses to rebut this testimony.

Given the parties' stipulation that plaintiff suffered some type of serious injury under the No-Fault Law, and the undisputed evidence that the fracture to plaintiff's hand was caused by the December 2003 automobile accident, we agree with plaintiff that the failure to award any damages for past pain and suffering constitutes a material deviation from reasonable compensation (*see Beadleston v American Tissue Corp.*, 41 AD3d 1074, 1078 [2007]; *Gillespie v Girard*, 301 AD2d 1018, 1019 [2003]; *Laraby v Village of Potsdam Hous. Auth.*, 252 AD2d 603, 604 [1998], *appeal dismissed* 92 NY2d 1002 [1998]; *see also Teller v Anzano*, 263 AD2d 647, 649-650 [1999]). Accordingly, having considered cases involving fractured bones but no surgical procedures, we hold that a new trial is required on this issue unless defendants stipulate to an award of $25,000 for past pain and suffering related to the injury to plaintiff's hand (*see Gibson v Tsandikos*, 23 AD3d 801, 802 [2005] [finding $20,000 reasonable compensation for fracture to right thumb]; *Cline v State of New York*, 289 AD2d 672, 673 [2001] [$30,000 for fractures in arm and foot deemed reasonable compensation]; *Baker v Shepard*, 276 AD2d 873, 876 [2000] [$7,500 reasonable compensation for broken arm]; *Duncan v Hillebrandt*, 239 AD2d 811, 814 [1997] [$15,000 for fractured clavicle, ankle and jaw]; *Reynolds v Merit Oil of N.Y.*, 167 AD2d 521, 523 [1990] [reducing award for fractured foot bones to $40,000]; *see also Beadleston v American Tissue Corp.*, 41 AD3d at 1078 [$75,000 where accident caused arthritis and spondylosis]; *cf. Ordway v Columbia County Agric. Socy.*, 273 AD2d 635, 636 [2000] [award of $48,500 for broken ankle requiring two surgeries]; *Morrisseau v State of New York*, 265 AD2d 647, 650 [1999] [increasing award for fractured foot requiring four surgical procedures to $250,000]).

Likewise, although the evidence of future damages related to plaintiff's hand injury is less clear, Ortiz's opinion that plaintiff suffers a permanent injury to her hand went unrefuted by other medical evidence. Thus, although the jury could have discredited plaintiff's testimony regarding the amount of pain she experiences, we find the award of no damages could not have been reached on any fair interpretation of the evidence (*see Marshall v Lomedico*, 292 AD2d at 671; *Perkins v McAlonen*, 289 AD2d 914, 915 [2001]; *Baker v Shepard*, 276 AD2d 873, 876 [2000]; *compare Faas v State of New York*, 249 AD2d 731, 732 [1998]). After considering the record evidence, similar cases and an estimated 25-year life span, we conclude that an award of $20,000 for future pain and suffering is reasonable (*see Aversa v*

*Bartlett*, 11 AD3d 941, 942 [2004] [award for facial injury reduced to $75,000]; *Geloso v Monster*, 289 AD2d 746, 748 [2001], *lv denied* 98 NY2d 601 [2002] [$6,000 for mild cervical spine injury held reasonable]; *Balmaceda v Perez*, 182 AD2d 983, 983-984 [1992], *lv denied* 80 NY2d 755 [1992] [$199,500 awarded for shoulder and back injury]).

Mercure, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as awarded plaintiff $0 for past and future pain and suffering relating to her hand injury; new trial ordered only on the issues of past and future pain and suffering unless, within 20 days after service of a copy of the order herein, defendant stipulates to increase the award for past pain and suffering to $25,000 and for future pain and suffering to $20,000, in which event said order, as so modified, is affirmed.