■ JAMES ALBANESE, Respondent, v MICHAEL J. PRZYBYLOWICZ et al., Appellants. [985 NYS2d 163]—

McCarthy, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered March 18, 2013 in Fulton County, which granted plaintiff's motion to set aside a verdict and ordered a new trial on the issue of damages.

Plaintiff's vehicle was struck by a vehicle that was owned by defendant James D. Przybylowicz and was being operated by defendant Michael J. Przybylowicz. As a result of the accident, plaintiff suffered two fractures to his nondominant left hand—one to a bone in his middle finger and one to a bone in his palm—as well as neck strain and a hematoma to his shin.

---

Plaintiff commenced this negligence action. Defendants conceded liability and, at a trial on the issue of damages, a jury rendered a verdict awarding plaintiff $2,000 for past pain and suffering and nothing for future pain and suffering. Plaintiff moved to set aside the verdict (*see* CPLR 4404 [a]). Supreme Court granted the motion and ordered a new trial on damages unless defendants stipulated to a combined award of $9,000.[1] Defendants appeal.

Although the amount of damages awarded for personal injuries is a factual question for a jury to resolve, a court may set aside a jury award of damages when that award "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Ciuffo v Mowery Constr., Inc.*, 107 AD3d 1195, 1197 [2013]; *Vogel v Cichy*, 53 AD3d 877, 878 [2008]). "The jury's interpretation of the evidence is entitled to considerable deference, and [courts] will not disturb it unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached on any fair interpretation of the evidence" (*Olmsted v Pizza Hut of Am., Inc.*, 81 AD3d 1223, 1224 [2011] [citations omitted]; *see Mihalko v Regnaiere*, 36 AD3d 983, 984 [2007]). To determine the appropriate amount of an award for pain and suffering, which is essentially subjective and hard to quantify, courts should "examine[ ] comparable cases" and consider "the nature and extent of the injuries, the degree of past, present and future pain and the permanency of the injury" (*Ciuffo v Mowery Constr., Inc.*, 107 AD3d at 1197).

Here, it is undisputed that plaintiff fractured two bones in his left hand in the instant accident, entitling him to recover for past pain and suffering for all of the injuries that he suffered in the accident (*see Vogel v Cichy*, 53 AD3d at 880; *Butcher v Rotterdam Sq. Mall*, 268 AD2d 941, 941 [2000]; *see also Schmidt v Meehan*, 97 AD3d 940, 940 [2012]). The bruise on his shin and pain in his neck were basically healed within one month. For the fractures, plaintiff wore a cast for one month, then had his fingers buddy-taped together for a period of time. He returned to his physician's office and participated in physical therapy over the course of approximately six months. The physician testified that plaintiff's fractures healed in good position, he was able to fully straighten his finger and bend it almost fully to his palm, but he had some deformity and swelling within the finger that was permanent. The physician found a marked loss of motion in the middle finger and assigned a 50% schedule loss of use of that finger, although the physical therapy discharge

---

1. Supreme Court did not distinguish between past and future pain and suffering.

notes stated that plaintiff had made significant progress and his range of motion and strength of his finger were within functional limits. Plaintiff testified that he has difficulty performing tasks that he formerly did, including gripping motions such as playing ball with his son, playing golf and carrying a ladder as part of his job as a painter.

Plaintiff testified that he never previously injured his finger or sought treatment for it. Plaintiff's medical record contained an entry that, while not entirely clear, indicated that plaintiff had prior problems with that finger. The records and X rays also indicated that plaintiff had degenerative changes that caused arthritis in that finger. The physician testified that this was trauma-induced arthritis, but also acknowledged that the level of degeneration could not have developed between the time of the instant accident and the time that the first X ray was taken. Considering this testimony, the jury could have disbelieved plaintiff's testimony denying any prior injury or treatment to his left middle finger, and instead found that some or all of his difficulties were related to a prior injury or degenerative changes. If the jury felt that plaintiff was being untruthful regarding his medical history, and that his prior criminal conviction affected his credibility, the jury could have disbelieved plaintiff's testimony regarding the amount of pain and the effects and limitations on his daily activities that he suffered as a result of the fractures (*see Ciuffo v Mowery Constr., Inc.*, 107 AD3d at 1197-1198; *Olmsted v Pizza Hut of Am., Inc.*, 81 AD3d at 1224). While an injured person can recover for the aggravation of a previously-dormant condition that causes that condition to become symptomatic (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Stram v Farrell*, 223 AD2d 260, 265 [1996]), the jury could have determined, based on its credibility findings regarding plaintiff, that the injuries he sustained in the instant accident had resolved by the time of trial and he was no longer suffering from any new injury or aggravation of any previous injury as a result of this accident (*see Latour v Hayner Hoyt Corp.*, 13 AD3d 1147, 1148-1149 [2004]; *Molter v Gaffney*, 273 AD2d 773, 775 [2000]; *Teller v Anzano*, 263 AD2d 647, 649 [1999]; *compare Mihalko v Regnaiere*, 36 AD3d at 985). Accordingly, a fair interpretation of the evidence would support the portion of the jury's verdict that declined to award him anything for future pain and suffering, such that this determination does not deviate materially from what would be reasonable (*see Olmsted v Pizza Hut of Am., Inc.*, 81 AD3d at 1224; *Vogel v Cichy*, 53 AD3d at 879; *Teller v Anzano*, 263 AD2d at 649; *compare Marshall v Lomedico*, 292 AD2d 669, 671 [2002]).

On the other hand, the evidence does not support the jury's

award of $2,000 for past pain and suffering. Regardless of whether the jury credited plaintiff's testimony regarding his pain and limitations, common sense and a comparison of other cases indicates that the injuries he suffered caused compensable pain (*see Teller v Anzano*, 263 AD2d at 649). Based on plaintiff's two broken bones in his nondominant hand that took approximately six months to heal, as well as the short-lived neck pain and shin hematoma, the $9,000 set by Supreme Court is much more reasonable than the jury's $2,000 award (*see Vogel v Cichy*, 53 AD3d at 880-881 [awarding $25,000 for past pain and suffering due to fractured finger on dominant hand]; *Gibson v Tsandikos*, 23 AD3d 801, 802 [2005] [affirming award of $20,000 for past damages due to fracture of right thumb]; *Marshall v Lomedico*, 292 AD2d at 670-671 [affirming award of $6,000 for past damages related to two fractured fingers on nondominant hand and bruised knee]; *Cline v State of New York*, 289 AD2d 672, 673 [2001] [affirming award of $30,000 for fractured humerus, fractured bone in foot and shoulder strain]; *Baker v Shepard*, 276 AD2d 873, 876 [2000] [affirming $7,500 award for past damages for left humerus fracture and cervical strain]).[2]

Peters, P.J., Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

**2.** Because plaintiff did not cross-appeal, we are limited by Supreme Court's award as to the amount of damages.