*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                    518836
_____

AIMEE L. RICHARDS,
                    Appellant,

            v                              MEMORANDUM AND ORDER

DANIEL FAIRFIELD et al.,
                    Respondents.
_____

Calendar Date:  February 20, 2015

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

_____

        The Mills Law Firm, LLP, Clifton Park (Michelle M. Chester
of counsel), for appellant.

        Towne, Ryan & Partners, Albany (John F. Moore of counsel),
for respondents.

_____

Rose, J.

        Appeal from an order of the Supreme Court (Krogmann, J.),
entered June 24, 2013 in Washington County, which denied
plaintiff's motion to set aside a verdict in favor of defendants.

        Plaintiff commenced this action to recover for injuries she
allegedly sustained when her vehicle was struck from the rear by
a tractor trailer driven by defendant Daniel Fairfield.
Following joinder of issue and discovery, defendants conceded
liability and the matter proceeded to a jury trial on the issue
of whether plaintiff sustained a serious injury under the
significant limitation of use category (see Insurance Law § 5102
[d]).  The jury concluded that plaintiff did sustain a serious
injury and, as relevant here, awarded her $15,000 for past pain
and suffering and no damages for future pain and suffering.

Supreme Court denied plaintiff's motion to set aside the jury verdict as inadequate and plaintiff appeals.

"An award of damages for pain and suffering may be set aside on the ground of inadequacy 'when it deviates materially from reasonable compensation for the injury sustained'" (Vincent v Landi, 123 AD3d 1183, 1186 [2014], quoting Sherry v North Colonie Cent. School Dist., 39 AD3d 986, 990 [2007]; see CPLR 5501 [c]). Determination of whether an award is adequate requires consideration of comparable cases and "'the nature, extent and permanency of the injuries, the extent of past, present and future pain and the long-term effects of the injury'" (Vincent Landi, 123 AD3d at 1186, quoting Nolan v Union Coll. Trust of Schenectady, N.Y., 51 AD3d 1253, 1256 [2008], lv denied 11 NY3d 705 [2008]; accord Skelly-Hand v Lizardi, 111 AD3d 1187, 1190 [2013]). Our discretion to overturn a damages award is "exercised sparingly" and we accord deference to the jury's determination of damages and the trial court's determination of a motion to set aside the verdict (Ordway v Columbia County Agric. Socy., 273 AD2d 635, 636-637 [2000] [internal quotation marks and citation omitted]; see Vincent v Landi, 123 AD3d at 1186; Vogel v Cichy, 53 AD3d 877, 878 [2008]). Further, a jury is not required to accept a plaintiff's subjective complaints of severe pain (see Ciuffo v Mowery Constr., Inc., 107 AD3d 1195, 1197 [2013]; Vogel v Cichy, 53 AD3d at 880).

Here, plaintiff complained of pain in her nondominant shoulder immediately after the accident, missed three days of work and was prescribed physical therapy. After little or no improvement in the shoulder, she was referred to an orthopedic surgeon, who eventually recommended surgery to address her complaints. Upon performing arthroscopic surgery, the surgeon discovered and repaired what he considered a traumatically induced tear of the labrum and also repaired an underlying genetic laxity of plaintiff's shoulder. Plaintiff missed three weeks of work after the surgery and experienced complications from internal scar tissue that resolved after continued physical therapy. She was thereafter able to continue her employment as a dental hygienist and substitute teacher and engage in her normal activities, including cleaning her house, gardening, camping, canoeing and playing softball and basketball. Plaintiff

testified, however, that she could not sleep on her left side without pain and that, although she was able to participate in her normal activities, they still caused her shoulder pain. The orthopedist who conducted an independent medical evaluation of plaintiff on defendants' behalf (hereinafter the IME orthopedist) did not dispute her complaints of pain.

A physical therapist who conducted a functional capacity evaluation of plaintiff found that "[h]er active range of motion was decreased in her left shoulder in all of the motions" and that she had a limited range of motion when reaching overhead, but also concluded that she did not have any functional limitations related to her shoulder. Plaintiff's treating orthopedist also testified that, as of his last visit with plaintiff approximately seven months prior to trial, she had "almost full range of motion" in her shoulder and, although she was no longer limited in a significant manner, she would continue to experience some "permanent restrictions" with respect to her range of motion that would continue to cause her "some issues." Given plaintiff's largely successful recovery and ability to engage in her normal activities, and according deference to the jury's assessment of damages, we find that the award for past pain and suffering, although modest, does not materially deviate from reasonable compensation (see Latour v Hayner Hoyt Corp., 13 AD3d 1147, 1148 [2004]; Donatiello v City of New York, 301 AD2d 436, 437 [2003]; Klein v Leonardi, 267 AD2d 644, 646 [1999]).

We agree with plaintiff, however, that the objective evidence of some – albeit limited – permanency renders the award of no future damages inadequate (see Vincent v Landi, 123 AD3d at 1188; Vogel v Cichy, 53 AD3d at 880; Scott v Yurkewecz, 234 AD2d 673, 675 [1996]). The IME orthopedist did not unequivocally refute the findings of plaintiff's treating orthopedist with respect to her ongoing, permanent restrictions. Rather, he opined that the labrum tear was not traumatically induced, and qualified his opinion on the condition of plaintiff's shoulder by concluding that it was "essentially" normal. Given plaintiff's unrefuted evidence of some permanence, the award of no damages for future pain and suffering "could not have been reached on any fair interpretation of the evidence" (Vogel v Cichy, 53 AD3d at 880; see Marshall v Lomedico, 292 AD2d 669, 671 [2002]; Baker v

Shepard, 276 AD2d 873, 875-876 [2000]).  Based on the record evidence, and plaintiff's estimated life span of 53.4 years, we conclude that an award of $25,000 for future pain and suffering is reasonable here.

Lahtinen, J.P., Garry and Devine, JJ., concur.

ORDERED that the order is modified, on the facts, without costs, by reversing so much thereof as awarded plaintiff $0 for future pain and suffering; new trial ordered on the issue of future pain and suffering unless, within 20 days after service of a copy of the order herein, defendants stipulate to increase the award for future pain and suffering to $25,000, in which event said order, as so modified, is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court