Fabiano v State of New York (2019 NY Slip Op 01696)





Fabiano v State of New York


2019 NY Slip Op 01696


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

526628

[*1]MARK FABIANO et al., Appellants-Respondents,
v
STATE OF NEW YORK, Respondent- Appellant.

Calendar Date: January 15, 2019

Before: Egan Jr., J.P., Lynch, Devine, Rumsey and Pritzker, JJ.


Sacks & Sacks, LLP, New York City (Scott N. Singer of counsel), for appellants-respondents.
Roemer Wallens Gold & Mineaux, LLP, Albany (Matthew J. Kelly of counsel), for respondent-appellant.



MEMORANDUM AND ORDER
Devine, J.
Cross appeals from a judgment of the Court of Claims (Milano, J.), entered November 21, 2017, upon a decision of the court in favor of claimants.
Claimant Mark Fabiano, a bridge painter, was injured in 2011 when he fell from scaffolding while working. Fabiano and his wife, derivatively, brought this claim to recover damages. The Court of Claims granted summary judgment to claimants on the issue of liability under Labor Law § 240 (1) (123 AD3d 1262, 1263-1264 [2014], lv dismissed 25 NY3d 957 [2015]) and proceeded to a bench trial on the issue of damages. Thereafter, the court issued a decision awarding claimants approximately $2.4 million in damages. Among the damages were $400,000 for Fabiano's past pain and suffering and $600,000 for his future pain and suffering, as well as $25,000 to his wife for past and future loss of services.
Judgment could not be entered until questions regarding the appropriate structure of the judgment (see CPLR art 50-B) and collateral source payments (see CPLR 4545 [a]) were resolved, and a hearing ensued. Defendant noted that Fabiano has an established workers' compensation claim entitling him to medical care at reduced rates and, asserting that his future medical expenses could be reduced to reflect those lower rates, subpoenaed records and testimony from the nonparty claims administrator of his employer's workers' compensation insurance policy. The claims administrator successfully moved to quash those subpoenas. The parties then reached agreement on the final form of the judgment, which was issued by the Court of Claims. Claimants appeal and defendant cross-appeals from the judgment.
We affirm. Claimants argue that that the damages awarded to Fabiano for past and future pain and suffering and to his wife for past and future loss of services are inadequate and "deviate[] materially from what would be reasonable compensation" (CPLR 5501 [c]; see Xiaokang Xu v Xiaoling Shirley He, 147 AD3d 1223, 1223 [2017]; Morrisseau v State of New [*2]York, 265 AD2d 647, 648 [1999]). Inasmuch as the award was made following a bench trial, "this Court's power is as broad as that of the trial court, and we may render judgment as warranted by the facts, though we take into account the trial court's advantage of having observed the witnesses" (Augusta v Kwortnik, 161 AD3d 1401, 1405 [2018]; see Baba-Ali v State of New York, 19 NY3d 627, 640 [2012]; Walsh v State of New York, 232 AD2d 939, 940 [1996]).
According deference to the credibility determinations of the Court of Claims (see Smith v State of New York, 121 AD3d 1358, 1359 [2014]), the record establishes that Fabiano's fall caused him to suffer injuries that included a fractured vertebra. The injuries caused him excruciating pain at the outset and have required physical therapy, medication, epidural injections and multiple surgical procedures to treat. Despite those efforts, Fabiano still suffered from chronic back pain that his orthopedic surgeon opined would be permanent. Fabiano was 53 years old at the time of trial, was unable to return to his chosen trade due to his back injury and described how his pain limited his ability to drive long distances, work around the house and engage in family and recreational activities that he once enjoyed. Moreover, his orthopedic surgeon opined that causally-related back surgery was likely to lie in Fabiano's future. Assessing a person's pain and suffering is a subjective task and, upon consideration of "comparable cases and the nature, extent and permanency of the injuries, the extent of past, present and future pain and the long-term effects of the injury," we cannot say that the award for Fabiano's past and future pain and suffering deviated materially from reasonable compensation (Richards v Fairfield, 127 AD3d 1290, 1291 [2015] [internal quotation marks and citations omitted]; see Acton v Nalley, 38 AD3d 973, 975-977 [2007]; Strangio v New York Power Auth., 275 AD2d 945, 946 [2000]; Rountree v Manhattan & Bronx Surface Tr. Operating Auth., 261 AD2d 324, 328 [1999], lv denied 94 NY2d 754 [1999]; Gonzalez v Rosenberg, 247 AD2d 337, 337 [1998]; cf. Williams v City of New York, 105 AD3d 667, 667-669 [2013]). We reach the same conclusion as to the award to Fabiano's wife for past and future loss of services, which the Court of Claims aptly noted were established with minimal detail (see Orlikowski v Cornerstone Community Fed. Credit Union, 55 AD3d 1245, 1248 [2008], lv dismissed 11 NY3d 915 [2009]; Grant v City of New York, 4 AD3d 158, 159 [2004]).
Defendant, in its cross appeal, focuses upon the quashing of its posttrial nonparty subpoenas seeking information regarding the workers' compensation rates for medical care provided to Fabiano in the future [FN1]. In an action to recover for personal injuries, an award for past or future medical expenses will be reduced if the expense "was or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source, except for life insurance and those payments as to which there is a statutory right of reimbursement" (CPLR 4545 [a]). If future medical expenses are covered by the workers' compensation carrier, the payments will be "specifically excluded from consideration" as collateral source payments inasmuch as a statutory right of reimbursement comes with them (Zimnoch v Bridge View Palace, LLC, 69 AD3d 928, 930 [2010]; see CPLR 4545 [a]; Workers' Compensation Law § 29 [1]). If they are not covered, but Fabiano is nevertheless entitled to a reduced workers' compensation rate for medical care, there will be no "collateral source payment[] that actually replace[s] a particular category of awarded economic loss" and brings CPLR 4545 into play (Oden v Chemung County Indus. Dev. Agency, 87 NY2d 81, 87 [1995]). Thus, even assuming that information regarding the workers' compensation rates for medical services might be pertinent in determining the award of damages for medical expenses, it is "utterly irrelevant to any proper inquiry" regarding collateral source reductions to that award, and the subpoenas seeking the information in that context were properly quashed (Matter of Kapon v Koch, 23 NY3d 32, 38 [2014] [internal quotation marks and citations omitted]).
Egan Jr., J.P., Lynch, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: The general rule is that "discovery of collateral source issues is to be conducted prior to the filing of a note of issue" (Firmes v Chase Manhattan Auto. Fin. Corp., 50 AD3d 18, 37 [2008], lv denied 11 NY3d 705 [2008]; see Stolowski v 234 E. 178th St. LLC, 89 AD3d 549, 549 [2011]). It is unclear what "unusual or unanticipated circumstances" warranted defendant to seek posttrial discovery here (22 NYCRR 206.12 [c]; see French v Schiavo, 63 AD3d 403, 404 [2009], lv denied 14 NY3d 702 [2010]).