Tavarez v 920 E. 173rd St. Realty LLC (2025 NY Slip Op 03987)

Tavarez v 920 E. 173rd St. Realty LLC

2025 NY Slip Op 03987

Decided on July 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 01, 2025

Before: Moulton, J.P., Gesmer, Pitt-Burke, Higgitt, Michael, JJ. 

Index No. 814623/21|Appeal No. 4663|Case No. 2024-01568|

[*1]Elizabeth Tavarez, Plaintiff-Appellant,
v
920 East 173rd Street Realty LLC et al., Defendants-Respondents.

Eric Dinnocenzo, New York, for appellant.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered December 27, 2023, which, after an inquest following the grant of plaintiff's motion for a default judgment against defendants, directed judgment be entered in favor of plaintiff in the amount of $4,500 for pain and suffering, unanimously modified, on the facts and in the exercise of discretion, to increase the aggregate award to $50,000, and otherwise affirmed, without costs.
The award of damages for pain and suffering deviates materially from reasonable compensation to the extent indicated. Plaintiff presented evidence that she sustained fractures to the fourth and fifth metacarpal bones, which healed without surgery after being in a cast, but resulted in limitations in range of motion persisting over one year after the accident (see Vogel v Cichy, 53 AD3d 877, 880-881 [3d Dept 2008]).
However, the court's finding that other conditions affecting plaintiff's hand, including nerve conditions, were not causally related to the trip-and-fall accident is supported by a fair interpretation of the evidence (see Nightingale Rest. Corp. v Shak Food Corp., 155 AD2d 297, 297 [1st Dept 1989], lv denied 76 NY2d 702 [1990]). Plaintiff did not submit any direct evidence of her medical costs related to the accident, but only a Medicaid lien letter, and therefore the court could properly find that the evidence did not support an award for medical costs.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2025